## No. 12,395.

CITIZENS AND TAXPAYERS OF NATCHITOCHES PARISH VS. THE BOARD OF SUPERVISORS OF THE PARISH OF NATCHITOCHES.

*A Question of Law.*—The construction of Sec. 1211 of the Revised Statutes, as amended by Art. 76 of 1884, was involved.

*Election.*—Local option is not limited to parish action.  The election held in cities and towns under police jury ordinances has the same effect as relates to the cities and towns as if it had been held by authority of the cities and towns. As in the latter case, the cities or towns would have the right to order another election to decide as to local option at the end of the year; they, the cities and towns, have the same authority if the election has been held within their respective imits by the police jury.

APPEAL from the Tenth Judicial District Court for the Parish of Natchitoches.   *Cullom, Jr., J.*

---

*Pierson & Porter* and *Scarborough & Carver* for Plaintiffs, Appellants.

---

*Phanor Breazeale*, District Attorney, and *Thos. P. Chaplin*, City Attorney, for Defendants, Appellees.

---

Argued and submitted February 16, 1896.
Opinion handed down March 1, 1897.
Rehearing refused April 12, 1897.

---

The opinion of the court was delivered by

BREAUX, J. The facts of this case are, that an election was held in

the parish of Natchitoches, which resulted against the issue of licenses for the sale of intoxicating liquors, and the police jury passed ordi-- nances prohibiting the sale of liquors. The election thus carried was ordered in 1895.

The police jury subsequently passed an ordinance calling a special election in the city of Natchitoches and in Ward 4 of the parish, to decide whether intoxicating liquors should be sold within the limits of the city and ward after January 1, 1897. The plaintiffs assailed the right of the police jury to enact ordinances calling a special election in the city of Natchitoches and in Ward 4 of the parish.

The question is one of law, and involved the construction of Sec.. 1211 of the Revised Statutes as amended by Act 76 of 1884.

The plaintiffs contend that it is not within the power of a ward or city to repeal a law prohibiting the sale of intoxicating liquors in the parish, which was adopted by the voters of the entire parish.

We have found it impossible, after having given our best attention to the subject, to come to the conclusion that parish action decides the matter so that the question can not be submitted to the other political subdivisions mentioned in the statute in so far as they are concerned.

The local option, or ordinance against the sale of liquors, of the parish, in our judgment, may be repealed within t he limits of such subdivisions in the manner provided by statute.

By the act of 1884, No. 76, an election against the sale of intoxi-- cating liquors is binding on the towns and wards.

If an election had been ordered in the ward and city, no other election could have been held during one year.

An election was held in the whole parish, by order of the police jury. The town and ward were bound during the year, but not thereafter. The *proviso* of the statute which reads: " Parish action shall govern the action of any ward, incorporated town and city within the limits of said ward or parish, as the case may be, as fully and completely as if said election had been held by authority of said town or city," must control.

For reasons assigned in the case of Police Jury of De Soto Parish vs. Town of Mansfield, No. 12,394, the judgment appealed from in this case is affirmed.