## No. 12,394.

## POLICE JURY OF DE SOTO PARISH VS. TOWN OF MANSFIELD ET ALS.

### LOCAL OPTION.

The towns and cities may call an election within their respective limits to decide as to local option, one year after an election has been held under police jury ordinance as to the same matter.

### SCOPE OF PARISH ACTION.

The parish action controls the lesser political division within the parish, as if the election had been held by authority of the town or city, but it can have no more effect than if the election had been held under the authority of the city or town.

A PPEAL from the Ninth Judicial District Court for the Parish of De Soto. *Hall, J.*

*J. B. Lee*, District Attorney, for Plaintiffs, Appellees

*Elam & Egan* for Defendants, Appellants.

Argued and submitted February 16, 1897.
Opinion handed down March 1, 1897.

The opinion of the court was delivered by

BREAUX, J. This is an action by the plaintiff to enjoin the defend-ant from granting license to any one to keep a saloon and from doing any act tending to nullify the averred will of the people, as ex-pressed at an election held in the parish which resulted in a majority against the issuance of license to follow the occupation of selling intoxicating liquors.

It is admitted that an election was legally held, under orders of the police jury, on the 11th day of September, 1895, which was regu-larly promulgated. It is also admitted that in the month of August, 1896, an application was made to the police jury to authorize an election to be held in the municipality of Mansfield for the granting or withdrawing license to sell liquors in the municipality, which was refused by that body.

Subsequently, it appears, that the town council of Mansfield, the parish seat of the parish, ordered the holding of an election to determine whether to grant or withhold license to sell intoxicating liquors. The election was held and carried in favor of the license. Thereupon the board of aldermen of the town adopted an ordinance to grant license for the sale of intoxicating liquors.

The injunction whereby plaintiff sought to enjoin the defendant from collecting licenses was perpetuated by the judge *a quo*. From the judgment the town of Mansfield has appealed.

The question for our determination is: An election held under the order of the police jury, having decided that intoxicating liquors should not be sold in the parish, can a town in the parish, after twelve months have elapsed since the election, decide by an election that liquors should be sold within its incorporated limits?

The law we are called upon to analyze, in order to answer the question, is Sec. 1211 of the Revised Statutes as amended by Act 76 of 1884.

The statute provides that the police juries of the several parishes and the municipal authorities of the several towns and cities shall have the exclusive power to make such laws and regulations for the sale or prohibition of the sale of intoxicating liquors as they may deem advisable, and to grant and withhold licenses from saloons and shops within their respective limits, in accordance with the will of a majority of the legal voters. The election, however, to ascertain that will was limited to, not more than once a year.

The amending statute of 1884 contains the *proviso* that wherever a majority of the votes cast in the ward, if only a ward election has been held, or the majority of votes cast in a parish, if an election has been held for a whole parish, shall be against granting licenses for the sale of intoxicating liquors, the vote or decision shall govern the action of any town or city within the limits of the ward or parish as completely as if the election had been held by authority of the town or city.

The town or city is a separate local body from the parish. It may assent to or dissent from a local option law. The question of the sale of intoxicating liquors is left to the parishes, wards, cities and towns. To the former is given, in some respects, the greater right. Whenever an election which has been held for a whole parish is against granting licenses for the sale of intoxicating liquors, the vote or decision controls the wards, cities and towns as fully as if the election had been held by authority of the town or city.

To the latter, the wards, cities and towns, are granted the same power within the limits of each, save that these powers are subordinate to those of the parish during the term of twelve months after an election against the sale of intoxicating drinks has been carried.

As we appreciate the issues, after the lapse of the twelve months, the subordinate condition comes to a stop and an election may be called in a ward, town or city by the proper authority of the ward, town or city.

The parish action must control the lesser political division as if the election had been held by authority of the town or city, but not to a greater extent than expressed.

If held under authority of a town or city, another election is possi-

ble after a year. It follows that an election by parish authority is subject to a similar condition within the limits of towns or cities. But it is asserted that under the statute the whole parish was bound until reversed by parish action; in fine, that license could be voted in only in the same way it was voted out, *i. e.* by the vote of the whole parish. In our judgment, the statute does not denote by the language used that such was the intent and meaning of the legislator. It does not appear that it was intended to entirely ignore the wards, towns and cities of the parish, if the parish action was against local option and the police jury of the parish did not choose, at any time, thereafter, to call another election.

If such was the legislative will, why were the words " as if the election had been held by authority of the town or city " inserted in the proviso?

The question was asked at bar in behalf of plaintiff. Can the lesser control and reverse the action of the greater? There is, as we appreciate, a *petitio principii* involved in the question. It is assumed that the political subdivisions of the parish are entrusted, for all times, with less authority, while, in reality, they have as much power to make such rules and regulations for the sale, or for the prohibition of the sale of intoxicating liquors, as the parishes, with the one exception we have already stated.

Without the *proviso*, the lesser political subdivision would have had the authority to order an election without waiting for the twelve months to elapse after the parish action.

The election can not bind the town to a greater extent than she could have been bound by an election under her authority, save that a *locus penitentiæ* is provided in case of parish action, during which she is bound not to call an election in order, in our view, to procure, if possible, after that time, by the operation of a local option, a continuance of prohibition, and secure, as manifestly the legislator thought, with preponderance of local influence, the better condition always felt in communities in which intoxicants are not too freely used.

In our judgment, the statute does not have the effect of leaving the question entirely to the determination of the voters of the parish.

In certain cases, the wards, towns and cities have the right to decide the question in their respective limits.

It is ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed; the demand of plaintiff is rejected and the injunction sued out is dissolved and set aside.

The plaintiff and appellee to pay costs of both courts.