No. 13,928.

THE STATE OF LOUISIANA vs. WILL A. JACKSON.

SYLLABUS.

Incorporated towns and cities may call an election, to decide as to local option within their respective limits, twelve months after an election covering the same question as to the whole parish shall have been held under the auspices of the Police Jury.

A PPEAL from the Fourth Judicial District, Parish of Union— Dawkins, J.

*Walter Guion,* Attorney General, and *Fred F. Preaus,* District Attorney, (*Lewis Guion* of counsel), for Plaintiff, Appellee.

*Charles B. Roberts,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Defendant was prosecuted criminally for selling at retail spirituous and intoxicating liquors without license.

From a judgment of conviction and the imposition of a fine of three hundred and five dollars, he appeals.

It appears that an election was held in 1886, under the direction of the Police Jury, throughout the parish of Union, to take the sense of

the voters on the question of issuing or withholding license for the sale of intoxicating liquors.

A majority *against license* was returned.

No question of the legality of the election, or of its result, was ever raised; nor is it raised now.

In 1900 application was made by the citizens of Junction City, an incorporated town in Union parish, to the Police Jury, asking that body to order an election to be held within the corporate limits of the town to take the sense of its voters on the question of granting or withholding license to sell liquors there.

The Police Jury refused to do this.

Whereupon, the municipal authorities of Junction City, themselves, ordered an election to be held in the town on the question—that is to say, whether or not liquor should be sold within the corporate limits of the town during the year 1901.

This election resulted in favor of license, and, thereupon, the town authorities adopted an ordinance granting license for the sale of liquors for the year 1901.

Under the authority of this election and the ordinance of the town council, defendant took out a license to sell liquors at retail during 1901 in the town of Junction City and was engaged in that business at the time of his arrest and prosecution.

The ruling of the court below was that, under the law, it was necessary for defendant to obtain a license from the Police Jury of the parish to carry on the business of retail liquor dealer anywhere in the parish in the year 1901, and that not having procured such license from the authority named, he was liable to prosecution and fine.

*Per contra,* the contention of defendant is that after the lapse of twelve months from the promulgation of the election held in the parish at which a majority against license was returned, it was competent for the municipal authorities of any incorporated city or town in the parish to order an election on the question of withholding or granting license for conducting the business of retail liquor dealer *within the limits of such city or town,* and that if a majority of the voters of the municipality voted for license the same could be legally issued and would protect the holder from such a prosecution as the present one.

The question, then, presented here is:—

After a parish as a whole declares against licensing retail liquor dealers in the parish, does that declaration remain in force throughout the

parish—in the incorporated cities and towns as well as in other parts of the parish—until undone by the action of the Police Jury predicated upon another election held throughout the parish at which license shall be authorized?

Or, may an incorporated town, after the lapse of a year from the parish election, determine for itself, independently of the parish, whether or not liquor may be retailed within its limits?

The State holds the affirmative of the first question and the negative of the second; the defense the negative of the first and the affirmative of the second.

*Ruling*—The issue thus raised is not new. Indeed, it may be said to have already acquired the force of *stare decisis*.

Act 76 of 1884, which is the statute in question, has undergone, previous to this time, two interpretations by this court, or rather there have been two cases in which the court was called upon to construe the statute, and in both the conclusion reached as to its meaning is at variance with the position assumed herein by the State.

These cases came up in 1897 and are found reported, respectively, in the 49 La. Ann. 641 and 797.

In both it was held that incorporated towns and cities may call an election to decide as to local option within their respective limits, twelve months after an election covering the same question as to the whole parish shall have been held under the auspices of the Police Jury.

An election may be held throughout a parish to determine whether or not liquor selling shall be licensed. If the result is against license, the decision holds as to all incorporated towns or cities in the parish, as well as to what may be termed "the country" portions of the parish. But after the lapse of a year, not sooner, an incorporated town may, through its own authorities, order an election within its own limits to determine anew the question there, and if a majority of the town voters declare for license and this is followed by an ordinance of the town making provision for the granting of the same, a license issued by such town for selling liquors within its limits will protect the holder from prosecution. This is substantially the construction placed upon the Act of 1884 in the cases referred to.

The prosecution contends that the statute is susceptible of a construction different from this—one which would sustain the present conviction—and it is urged that this other construction embodies the true

legislative intent and vindicates the public policy sought to be established by the law.

It would seem that a sufficient answer to this is that some four years have elapsed since the decisions referred to were handed down, during which time several sessions of the General Assembly have been held. Yet no amendment or change in the law has been made.

Even if the statute be susceptible of another construction, that placed upon it by the court appears to be the accepted one—at least one that is acquiesced in—and we do not feel justified in going again into the inquiry in the effort to reach a conclusion different from that announced.

It is ordered and decreed that the judgment and sentence appealed from be avoided and reversed, further proceedings against the defendant be stayed, and that he be hence dismissed with costs.