(38 South. 555.)

No. 15,517.

EVANS et al. v. POLICE JURY OF DE SOTO PARISH.

(March 27, 1905.)

INTOXICATING LIQUORS—LICENSE—AUTHORITY OF POLICE JURY—LOCAL OPTION.

1. The parish of De Soto has no authority to levy a license tax on the sale of spirituous liquors within the limits of the town of Mansfield. At an election held throughout the parish, under the authority of the police jury, the result was for prohibiting the sale of intoxicants in the parish, including the town of Mansfield.
Subsequently an election was held in Mansfield and the result was for licensing the sale of spirituous liquors.
In 1903 one license was issued and collected of $3,500.
In 1904 ...........................$4,000
—and the dealer lost money.

In 1905, the parish, acting under section 11 of Act No. 186, p. 363, Acts 1902, fixed the license at $5,000.
The license relators attack on the ground of invalidity, because, as they urge, prohibitory.

2. The first section cited (section 11, Act No. 186, p. 363, Acts 1902) is general in terms. It is not restricted to any particular business or occupation subject to license. It does not retain full force and authority, where, as in this case, the parish has declared itself against issuing any license at all, and the town subsequently by vote declared for licensing a business; and it does not retain its authority to impose license upon the town that has a special clause in its charter granting the power, since the election was held conferred by section 14, Act No. 186, p. 366, Acts 1902. The town has power to rule and regulate, as well as prohibit, the sale of intoxicating drinks, and to call an election to determine by ballot questions their grant suggests.

3. Between the general section first mentioned and the last section, which refers to Mansfield only, the court holds that the last particular section governs wherever there is direct conflict and irreconcilable conflict between the two.

4. The power of the parish can be restored only by a vote of the people of the parish, and not by the action of the police jury alone, who have no authority, by result of the election, to issue a tax licensing the sale of intoxicants.

5. It was not the intention of the lawmaking body in any of the grants to neutralize the local option laws of the state, and to take from the voters the right to judge for themselves whether license should issue or not.

6. The questions involved are judicial, and render decisions necessary to the extent that statutes are interpreted and ordinances are declared to be illegal.

7. The ordinance is annulled as ultra vires and illegal, and the judgment is affirmed to the extent that it declares the license null.

Monroe, J., dissenting.

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of De Soto; John Bachman Lee, Judge.

Mandamus on relation of D. E. Evans and others against the police jury of De Soto parish. From a judgment for relators, respondent appeals. Affirmed in part.

James Wilson Parsons (Pugh, Thigpen & Foster, of counsel), for appellant. James Haskins Sutherlin (Sutherlin & Barret, of counsel), for appellees.

BREAUX, C. J. The police jury of the parish of De Soto fixed the license tax for the sale of intoxicating liquors within the limits of the town of Mansfield for the year 1905 at $5,000.

The relators, taxpayers, sue for a mandamus to set aside and annul the ordinance fixing the amount on the ground that it is illegal and ultra vires, and they ask for a judgment to compel the levy of a license tax that will be, as they contend, reasonable in amount.

The relators set up in support of their application, as showing sufficient interest, that they desire to engage in the business of conducting a saloon in the town of Mansfield for the current year.

Relators' specific claim is that the license imposed is not a license, but that it absolutely prohibits the business of retailing spirituous liquors.

In the year 1903 the license levied was $3,500. In the year 1904 the amount was $4,000. The dealer, in 1904, lost money, the testimony states. The town having levied a license tax equal to that of the parish in the years just mentioned, the police jury collected no license. The parish of De Soto is a prohibition parish, except Mansfield.

We are well aware that the parish of De Soto held an election under the local option laws, and declared itself in favor of prohibition. After the expiration of one year, under the provision of the law in question, the town of Mansfield held an election. The result was different from the election by the parish, and in consequence the town of Mansfield emancipated itself for the time being from the parish ordinance prohibiting the sale of intoxicating liquors, and since said election and until recently the town has had a liquor saloon.

The right of the town to issue a license tax was sustained by this court. Police Jury v. Town of Mansfield, 49 La. Ann. 796, 21 South. 598.

At the legislative session of 1902 an act was adopted amending the charter of the town of Mansfield. By this act authority was delegated to the town of Mansfield to levy a license tax; also the parish in certain contingency.

The town of Mansfield fixed its license for 1905 at $5,000.

This statement of facts will suffice for the discussion of the issues.

The district court made the rule sued for by relator absolute, and held that the license is prohibitory and null, and issued a writ of mandamus to the police jury, commanding that body to fix the license at $3,500 or less. The proposition before us for consideration is, has the parish authority to levy a license tax within the limits of the town of Mansfield?

The town, under its charter and amendments thereto, has all the power usually delegated to the municipalities of towns. The parish is intrusted, as is well known, with equally important functions. The delegated powers of each are thorough enough for all the purposes of local government.

The difference between the two corporations grows out of the interpretation of the laws relating to the sale of intoxicants; the town being in favor of license (high license, we judge), the parish being in favor of prohibition.

The town seeks to retain the right it alleges to have acquired to levy a license by the result of an election held in 1896, and in accordance with which they have since collected annual liquor licenses; the parish, on the one hand, is committed to prohibition, and has adopted ordinances fixing the liquor license at an amount which the relator asserts is prohibitory.

As relates to local administration and government, relators set up particularly that the town maintains proper police regulation; that the liquor traffic is properly regulated; that by imposing a license as to amount as

large as can be possibly levied they rid the community of dives and groggeries and prevent disorder and abuse.

The parish authorities are not impressed by the argument advanced by relators. They, in effect, insist that they have the right to prohibit the sale of intoxicants entirely.

This gives rise to the important issue which confronts us for decision. The text of the statute will have to govern. We paraphrase it for the sake of brevity. It confers upon the police juries or the municipal authorities the power to adopt regulations for the sale of intoxicating liquors, and to grant or withhold licenses from drinking houses and shops in their respective limits, as the legal voters may, by election, determine; an election to be held by these respective authorities not over once a year. Act No. 221, p. 451, Acts 1902.

It embodies the terms of preceding statutes upon the subject, and, in addition, contains the provision that the election shall continue in force until another be held.

From the foregoing, and from the decisions upon the subject, it is rendered manifest that, as relates to the suppression of the traffic in spirituous liquors, the police jury only has such power as is conferred upon it by a vote of the people. There is no delegation of power under this statute, except that of obtaining an expression of the will of the voters and of carrying it out as expressed.

It cannot act of its own motion, and by its ordinance suppress the sale of intoxicating drinks.

The language of the statute before paraphrased is susceptible of easy analysis. The first part of the paragraph is subordinate to the second part, and is determinative of the question, viz., "it shall be left to a majority of the legal voters." This is the measure of the authority of the local body, viz., it (the police jury) certainly can find no authority in this section to ordain prohibition without the sanction of the people directly concerned.

Prior to the enactment in question, jurisprudence had expressed views very similar. Police Jury v. Mansura. 107 La. 206. 31 South. 650.

We have considered the question from another point of view.

We have seen that the police jury submitted the question of prohibition to a vote of the people, and that they elected for prohibition. Certain consequences arose necessarily. One is that the police jury debarred itself from the possibility under the law of collecting a license from all parts of the parish, of course, including the town of Mansfield.

That was the parochial judgment upon the question. The voters in legal form bound themselves for prohibition, and it follows by effect of the election, and in effect gave up the right to a license. The parish is absolutely committed "to the withholding" of all liquor licenses.

The municipality of the town also has certain well-defined powers. It, by vote of the people, has retained the right to issue liquor licenses. It is not barred from licensing liquor saloons. The municipality of Mansfield is to some extent an independent organization. It has autonomy to an extent, at least. It is an imperium in imperio.

As against the municipality it is difficult for the police jury to find authority for reinstating the parish in its right to collect a license, which the people of the parish have decided it should not have. It (the police jury) would not have the right to issue a license out of the limits of the town. Where does it find its authority to issue a license in the town prior to another election, which is the mode pointed out by the law to change the present situation, if there be such a desire on the part of the voters?

If it does not have that power under section 11, subd. 2, of Act No. 186, p. 364 (the amended charter) of 1902, then it does not

have it under any other law. We do not think it has any such power under said section. The provisions of that section are general in terms, and relate to the levy and collection of licenses upon all callings, trades, professions, and occupations, and contain no special reference to spirituous liqu ɩ.

Prohibition plays no part as relates to the licenses mentioned in the section to which we have just referred.

Now, as relates to licenses to sell intoxicants, the question may be propounded, "Why should an exception be made by the court?" The response is to be found in the terms of the charter. As it has an important bearing, we insert here amendment No. 186, adopted in 1902 (Acts 1902, p. 366, § 14):

"That the mayor and board of aldermen of the town of Mansfield, De Soto parish, shall have the power to make such *laws and regulations for the sale or prohibition of the sale of intoxicating liquors as they may deem advisable,* and to grant or withhold licenses from drinking houses and saloons within the corporate limits of said town as *a majority of the legal voters* of said town may determine by ballot, and the said ballot shall be taken and election held whenever deemed necessary by the mayor and aldermen of said town. Provided that said election shall not be held more than once a year. If at such election the legal voters of the town of Mansfield give their assent to license drinking houses and saloons for the sale of spirituous liquors, the mayor and l·lermen of said town shall have the right and authority of regulating the amount or rate to be paid for such license." (Italics ours.)

The exception is made as regards intoxicants evidently because the parish has no authority in the premises. Nothing is said in the statute about the other licenses. In the absence of the authority in the parish, the section just read confers all the power needful on the town. This section has a meaning. It is a grant of power to the municipality of Mansfield separate from that which the parish has. It does not contemplate that the parish shall be consulted or have anything to say in the matter. In the absence of parish authority, the whole power is vested, as relates to Mansfield, in the town itself.

There was, from all appearance, an intention in separating the parish from the town.

The former originally had the right to levy a license tax.

The power to tax is the power to destroy, and the power to levy licenses is the power to suppress. It would have been futile to reserve to the municipality the right to destroy, while conferring upon the people of the locality the very right which the parish immediately after a declaration of the result would have had the authority to destroy.

The town of Mansfield is a government and a law unto itself. The General Assembly has invested it in special terms with a power which cannot be destroyed by any other agency than its own, as relates to the subject before us.

It has been given full power. It does not suggest itself that it was the intention to divide the power granted.

The power of local option vested in the citizen of the town of Mansfield is incompatible with the power in the police jury to levy licenses ad libitum within the limits of such municipality, and nowhere else within the parish.

We repeat, under section 14 of the charter of the town its citizens have the right and the power to determine for themselves all questions of local option, regardless of the action of the people of the parish as a whole; and when such citizens vote in favor of licensing the sale of intoxicating liquors within the limits of the town, such vote does not vest any power in the police jury to levy license on such traffic, but confers such powers on the municipal authorities alone.

The respondents next urge that the questions presented by relators are not judicial. We do not agree with that view. The judicial power is vested in the courts of the state. The amount involved is within the jurisdiction of this court; also the main issues presented.

They go to the power to act. The scope of a legislative grant is involved, as well as the validity of an ordinance thereunder. There is no interference on the part of the

courts with the discretion of the lawmaking body.

Judicial function is not relieved from interpreting the intention embodied in the statute.

The effect of the election, or rather the result and the authority flowing therefrom, are before us for decision. We have not found that they are not judicial questions. The courts are authorized to exercise the functions of jus decere.

The form of the proceedings has not met with any objection from respondent. We will amend the judgment as follows:

It is ordered, adjudged, and decreed that the license of $5,000 claimed by the parish is ultra vires, illegal, null and void, and to this extent the judgment of the district court is affirmed.

It is further ordered, adjudged, and decreed that the judgment ordering a writ of mandamus to issue to the police jury and its members commanding them to adopt an ordinance as stated in the judgment is annulled, avoided, and reversed.

Appellee to pay costs of appeal.

MONROE, J. I concur in the decree, but dissent from so much of the opinion as holds that the police jury in a parish in which prohibition has been ordered has no power whatever to impose a liquor license in a municipality in which, by vote of the electors, the sale of liquor has been authorized.