## STATE ex rel. ALTOM v. MAYOR OF VILLAGE OF LANESVILLE et al.

### No. 4348.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1932.

Drew & Richardson, of Minden, for appellant.

John T. Campbell, of Minden, for appellees.

PALMER, J.

Relator sues to annul an ordinance passed by the mayor and board of aldermen of the village of Lanesville, Louisiana, whereby his salary as marshal of said village was reduced from $40 per month to $1 per month, and for an order commanding the defendants to fix his salary at a reasonable amount, not less than $40 per month. Relator makes substantially the following allegations:

That he is the duly qualified marshal of said village; that from the time he assumed office until October 6, 1931, his monthly salary was $40, and that on said date the mayor and board of aldermen passed a resolution reducing same to $1 per month; that the said action of the mayor and board of aldermen was not taken in the interest of economy, but was done in an illegal effort to force him to vacate the office of marshal; that the council, immediately upon reducing his salary, fixed the salary of the night watchman at $40 per month; that he does not belong to the same political faction as the mayor and board of aldermen, and, for that reason, there was a feeling of hatred and malice on their part towards him, and that they sought, by such indirect means, to illegally remove him from office; that he has faithfully performed his duties as marshal; and that the said action of the council was contrary to the wishes of more than 80 per cent. of the voting taxpayers of the said village, who petitioned the council to rescind their action, but that they refused to do so.

Relator prays that writs of mandamus issue in the premises, directed to the village of Lanesville, its mayor and board of aldermen, commanding them to cancel, erase, and rescind the said resolution or ordinance. He further prays that the mayor and board of aldermen be ordered and commanded to fix his salary in an amount not less than $40 per month, or show cause to the contrary on a day and hour to be fixed by the court.

Relator further prays that the council be ordered to pay him his back salary due since their alleged illegal act of reducing it.

Defendants excepted to the jurisdiction of the court ratione materiæ. They then filed without prejudice exceptions of no cause of action and of no right of action. Thereupon they filed an answer, without prejudice. Since the case was dismissed on an exception of no right of action, and hence the case was not tried on the merits, it is unnecessary to now state the defenses urged.

The plea to the jurisdiction of the court and the exceptions of no cause and of no right of action were tried together. The lower court overruled the plea to the jurisdiction of the court and the exception of no cause of action, but sustained the exception of no right of action, dismissing relator's suit, at his cost. From that judgment, relator prosecutes this appeal.

### Opinion.

As stated, the plea to the jurisdiction of the court and the exception of no cause of action, were overruled by the lower court, while the exception of no right of action was sus-

tained. Obviously, the lower court has held that relator's petition disclosed a cause of action and that the court had jurisdiction to try and determine the issues involved, but that the cause of action disclosed does not exist in favor of relator. In other words, a cause of action is disclosed in the petition, but that some party, other than relator, would have to prosecute the demand.

There was no answer to the appeal filed by respondents, so this court is not required to inquire into the correctness of the lower court's judgment relative to the exception to the jurisdiction of the court, and to the exception of no cause of action. Our opinion can be confined to a review of the lower court's action in holding that relator is without right to bring this suit, notwithstanding a valid cause of action is disclosed and must exist in somebody's favor.

Article 15 of the Code of Practice, provides: "An action can only be brought by one having a real and actual interest, which he pursues, but as soon as that interest arises he may bring his action."

If, therefore, relator has revealed that he has a real and actual interest in the cause of action admittedly disclosed in the petition, then he certainly is entitled to bring the suit and stand in judgment. Under section 19 of Act No. 136 of 1898, under which act it is alleged that the village of Lanesville is incorporated, every municipality shall have a mayor, aldermen, a marshal, a tax collector, and a street commissioner. The number of aldermen is fixed according to whether the municipality is a city, town, or village. It is provided in this section of the act that the marshal may be the street commissioner, and in towns and villages, he shall be the tax collector, and may be in a city. The mayor, aldermen, and the marshal shall be elected by the people; the other officers of the municipality are to be elected by the mayor and board of aldermen.

As will be seen, under the provisions of section 19 of the act, the office of marshal is a statutory office, and, like that of mayor and alderman, is filled by election by the people. It is argued by respondents that the mayor and board of aldermen are charged with the management and finances of the municipality and to fix the compensation of officers and employees. Under that provision of the law, respondents contend that the action of the mayor and board of aldermen in fixing the salary is discretionary, and that the courts must uphold their action in that respect, unless it is shown that there was a clear abuse of that authority. This appears to be the crux of the question now before the court.

Admittedly, relator is the duly constituted marshal of the village of Lanesville. He has alleged that he has faithfully performed the duties of that office. He charges that, out

of malice and hatred towards him, on account of political affiliations, the mayor and aldermen are seeking to remove him from office by indirect means, knowing that they cannot do so by direct action; that they are attempting, by reducing his salary to nothing, to compel him to resign. He avers that he had been receiving a salary of $40 per month, and that it was only because of the desire of the council to get rid of him, and not because of inefficiency, and not in the interest of economy, that the said resolution was passed. If these allegations are not tantamount to averments of abuse of discretion in the alleged action of the council, then we fail to see how such abuse can be charged. The merits of the case, of course, are not before us at this time.

Accepting as correct the conclusions of the lower court that a cause of action has been disclosed and that the district court has jurisdiction of it, under the allegations of the petition, we can hardly imagine any person who would have a greater right to pursue that cause of action than relator himself. At least the question of his employment is involved, and, what is more, the question of the emoluments of his office in the fulfillment of duties as a statutory officer is also involved. If relator cannot institute this suit, it is difficult to conceive who can. Whether the council, as a matter of fact, actually abused the discretion vested in it, can only be decided on a trial of the merits. We are now concerned only with the allegations of the petition.

Clearly, the petition charges that the mayor and the board of aldermen abused the discretion vested in them regarding the fixing of relator's salary. Relator alleges facts on which that charge is made. Whether those facts can be proved can only be determined on a trial of the merits of the case. Certainly the courts have the power to interfere in cases of abuse of discretionary power by municipal councils and police juries. Evans v. Police Jury, 114 La. 771, 38 So. 555; Davis v. Police Jury, 120 La. 163, 45 So. 47, 14 L. R. A. (N. S.) 794, 124 Am. St. Rep. 480; Denis v. Shakspeare, Mayor, 43 La. Ann. 93, 8 So. 893.

If that then is a correct principle of law, who can have a greater right to bring that matter before the courts than the party most affected by such abuse of discretion?

Relator relies upon the case of State ex rel. Gentry v. Mayor and Board of Aldermen of the Village of Dodson, 123 La. 903, 49 So. 635, but in the case of State ex rel. Thurmond v. City of Shreveport, 124 La. 179, 50 So. 3, 6, 134 Am. St. Rep. 496, which soon followed, in considering the Gentry Case, whatever there may be in it seemingly to the contrary, it was directly and most unequivocally held that the court's right to interfere with the

discretion vested in the council, when abused, had always existed. In discussing the Gentry Case, the Supreme Court said: "Very far from being committed to the doctrine that the courts are powerless to interfere in cases of abuse of discretionary power by municipal councils and police juries, this court, after the most mature consideration, has deliberately committed itself to the very opposite view."

In the Thurmond Case, supra, in considering the action of the council, which was charged, as is the case in the present suit, as an indirect attempt to remove relator from office, the court said: "But where the Constitution creates an office, the Legislature cannot abolish or nullify it, either by direct or indirect means; and, where the Legislature creates an office, a city council cannot abolish or nullify it, either by direct or indirect means. And, if either the Legislature or a city council sought to do by indirection what it thus could not validly do directly, the duty of the courts to interfere would be perfectly plain. In the case of the Legislature, its attempt to override the Constitution by indirection would be held to be unconstitutional; and in the case of a municipal council mandamus would lie."

In the Thurmond Case, the court further stated: "It stands to reason that a municipal council cannot abolish or nullify an office created by the Legislature, and cannot, directly or indirectly remove without cause an officer whom it is authorized to remove for cause. If, instead of merely reducing the salary, the council abolished it altogether, no one but would say that such action was illegal and could be rectified by the courts. It would be a palpable disregard of the charter, and a violation of the duty which the charter imposed upon the council to fix the salary. But what practical difference is there between such a case and one like the present, where, as shown by the evidence, the salary is fixed so low that no competent person would accept the office; where the ostensible fixing of the salary is a mere mask for abolishing the office or removing the officer? Is the illegality of the action of the council to escape the vision of the courts simply because it is masked? Are the courts to be circumvented by a plain subterfuge?"

True enough, the court in the Thurmond Case was discussing the right of the court to interfere in a case where the council had sought by indirect means to do what they were prohibited from doing directly; that is, the council in that case attempted to remove a charter officer from his position. But Thurmond brought the suit, and his right to do so was not questioned. His rights and his cause of action were very similar to relator's in this case. Obviously, in this case, relator has as much right, under his pleadings, to institute this suit and stand in judgment, as Thurmond had in his case.

We conclude, therefore, that the exception of no right of action was improperly sustained.

The judgment of the lower court, in so far as it sustained the exception of no right of action, is reversed, and the case is now remanded to the lower court to be proceeded with according to law; respondents to pay all costs incurred.

DREW, J., recused.