This is a mandamus proceeding instituted on the relation of Joseph Edvar Meaux in which he seeks to have the village of Morse in the Parish of Acadia fix his salary as marshal of said village at the former sum at which he had been paid or to make it not less than $30 per month, or else show cause to the contrary.
There was a lengthy petition filed by him in which he sets out the various acts done by the Board of Aldermen of the village, all of which he avers were through hatred and malice or for political expediency, and also in an attempt to force him to resign his position as marshal. The salary paid to the marshal was originally $30 per month, and he avers that it was reduced from time to time within a three weeks period and it is now fixed at $12.50 per month, in addition to which he receives the dog licenses which are collected by him and also fees for killing and burying unlicensed dogs.
The defendants filed a plea to the jurisdiction of the Court rationae materiae and also an exception of no cause and right of action. These were referred to the merits and thereafter answer was filed in which it was denied that there was any arbitrariness on the part of the Town Council in reducing the relator's salary and it is averred on the other hand, that the reduction and adjustment in the salary was made for economy and in the interest of the village, all of which was within the discretion of the Council.
There was judgment below for the plaintiff ordering that his salary be fixed at $20 per month. Defendants have appealed. Relator has not answered the appeal and apparently is satisfied with the judgment as rendered.
The legal point involved in the plea to the jurisdiction and in the exception of no cause or right of action is to the effect that the courts of the State have no constitutional power or authority to interfere in matters of this kind and to substitute their judgment and discretion in place of that of the body in which it has been constitutionally and legally confided. In support of the contention, the case of State ex rel. Gentry v. Mayor and Board of Aldermen of the Village of Dodson,123 La. 903, 49 So. 635, is cited. We express no opinion as to what effect the ruling in the later case of State ex rel. Thurmond v. *Page 222 
City of Shreveport, 124 La. 178, 50 So. 3, 6, 134 Am.St.Rep. 496, had on the decision cited, but in this case the Court specifically stated that: "Very far from being committed to the doctrine that the courts are powerless to interfere in cases of abuse of discretionary power by municipal councils and police juries, this court, after the most mature consideration, has deliberately committed itself to the very opposite view." The cases of Evans v. Police Jury, 114 La. 771, 38 So. 555; State ex rel. Davis v. Police Jury, 120 La. 163, 45 So. 47; and State ex rel. Denis v. Shakespeare, 43 La.Ann. 92, 93, 8 So. 893, are cited. Apparently, Gentry v. Village of Dodson was not considered as authority to the contrary.
On the merits, purely a question of fact is presented. A large number of witnesses were called to testify on one side or the other and the record of testimony is rather voluminous. We can think of no useful purpose which would be served in analyzing and discussing all of it as it appears to be very conflicting in some instances, and besides a considerable part of it seems to have no bearing on or relation to the point that is at issue.
As we appreciate the facts, it seems as though there had been for a long time an unsatisfactory situation regarding the amount of salary which should attach to the office of marshal of the village. So much so, that it was found proper to write to the mayors and councils of neighboring incorporated villages of about the same size, to find out what salaries they paid their marshals. After this was done an ordinance was adopted fixing the salary of the marshal at $30 per month. This ordinance contains nothing concerning other duties than those of his office to be performed by the marshal, but it does appear that it was understood that the relator would do the work of the street commissioner in addition to that of his office as marshal. It seems as though the performance of his duties as street commissioner is what led to the difficulty that later ensued and which resulted in reducing his salary. Most of the testimony found relates to the manner in which he discharged the duties of street commissioner. The defendant Board of Aldermen contend that on the basis of that testimony they were justified in taking away that part of his work from the relator because his services were not satisfactory. On the other hand, there is testimony given by equally substantial citizens who seem to have had no complaint to make regarding the condition of the streets as maintained by him. Besides it appears that at the time most of the complaints arose, it was after a devastating flood had been experienced in southwest Louisiana and although the village of Morse itself was not inundated, because of the flood in the surrounding territory, the drainage had become greatly impeded.
It strikes us that the street conditions served as an excuse for the village council to carry out the purpose which it had, for some other reason, to try to bring about the resignation of the relator. His salary was reduced first to $15 per month, very shortly thereafter again to $12.50 per month and then, at what may be called a "rump" session of the Council, it was actually voted that his salary be reduced to the sum of $1 per month. Admittedly this session was an illegal meeting and later on at another session the salary was fixed at $12.50 per month in addition to which the relator would be allowed licenses for dogs and fees collected for killing and burying dogs which were not licensed. There is very little testimony in the record to show what he could make out of selling dog licenses and collecting such fees.
The defendant Board of Aldermen insists that the reduction was made in the interest of economy, and yet it appears that about at the same time other salaries which had not existed before, such as that of the mayor, were fixed and a per diem was provided for the members of the Board of Aldermen. That appears to us to be somewhat inconsistent.
Finally, the testimony does bear out that there was some friction between a member of the Board of Aldermen and the relator, and whilst that is disclaimed as a motive which led to the action of the Council, we cannot help but feel that it did have some bearing on the matter and for that reason, as well as for the many others referred to, we think that the trial judge was justified in holding that the defendants acted somewhat arbitrarily and that the relator was entitled to a better salary than the one they had fixed.
After all, as we have stated before, the question presented is purely and absolutely one to be decided on the facts, and as we see no error in the judgment appealed from, the amount of salary as fixed by the trial judge will be allowed to stand.
There was a motion filed in this Court to have the name of Thomas Crawford who *Page 223 
has since the trial of the case below been appointed mayor of the village of Morse substituted as party defendant for that of Moise Chiasson, who had resigned the office. With this change in name of the party defendant, the judgment is affirmed.