This is a mandamus proceeding in which the relator, John L. Ratliff, the duly elected marshal of the Village of Roseland, seeks to have the court compel the Mayor and Board of Aldermen of the village to restore his salary to the sum of $50 per month as it was originally fixed and had been paid before it was reduced by them to the sum of $15 per month.
After alleging that he is the marshal of the village, having been duly elected and assumed his duties on July 1, 1944, and that he had been receiving the salary of $50 per month, which is the same salary that had been paid to the marshal over a long period of time, he then avers that the action taken by the town council on August 1, 1944, in reducing the salary to $15 per month was unreasonable and arbitrary and prompted by political motives. He also avers that he had been approached by the Mayor and one of the aldermen to permit the operation of slot machines in the village; that sufficient revenues might be derived from that source with which to pay his salary and it was after he refused to do so on the ground that that would constitute a violation of the law, which he could not, as an officer, tolerate, that was also used as another *Page 97 
excuse for reducing his salary. He also alleges that the nature and the extent of his duties occupies all of his time and that they are worth more than the sum of $50 per month is shown by the fact that in addition he is entitled to a percentage of the fines collected for violations of municipal ordinances.
The defense seems to be a plea of lack of funds with which to continue paying the relator's salary at $50 at the time it was reduced and it is then set out in the answer that the reduction was made in the interest of economy; that not only was the relator's salary reduced but at the same time the Mayor's as well as that of all the aldermen were also reduced.
The trial judge without assigning written reasons ruled in favor of the defendant and denied a writ of mandamus whereupon this appeal was taken.
[1] As far as the law in the case is concerned it does not seem to be disputed that the court is vested with the authority to interfere in matters of this kind whenever the action taken by a public board or body, such as the defendant board in this case, appears to have been arbitrary and unreasonable or where there has been an abuse of its discretionary power. In the case of State ex rel. Meaux v. Village of Morse et al., 6 So.2d 221, we had occasion to consider what the law is in cases such as this and it does not seem to be disputed by the defendant in this case that the power of the courts to interfere is now well recognized. In fact, the only defense made is a justification of the Board's action under the alleged existing facts.
[2] We do not think that the plea of shortage of funds is a sufficient answer to the complaint made by the relator in this case. Under the statute, Act 136 of 1898, which governs municipalities of this kind, it is contemplated that a budget of anticipated revenues and expenditures should be made at the beginning and end of each fiscal year. Sec. 36 of the Act. In this budget items of fixed current expenditures, including salaries of the officials, would be shown and it would then be known if these salaries could be paid over the course of the year. If the money should not be available to meet current expenses as they become due and payable, the Mayor and Board of Aldermen are authorized by the statute, under certain restrictions, to borrow the necessary amount with which to pay them. Sec. 15, par. 17 of the Act. As a matter of fact it appears that the Board of Aldermen of the defendant village has, on occasions, borrowed money and why they could not have done so at the time of the shortage of funds complained of in this case has not been explained. Apparently they did not adopt a budget or if they did, nothing is said about it in the testimony.
The village or town which expects to derive the benefits of incorporation must know that these benefits must be paid for and the only way that can be done is by the collection of licenses and taxation. One of the greatest benefits a village enjoys through incorporation is that of having peace and order properly maintained through a duly elected peace officer. It is shown in this case that the services of such an officer are worth even more than the maximum salary ever fixed for him as other means of providing additional compensation had to be devised and it is even urged that the present relator could increase his salary if he took advantage of those other means at his disposal. It strikes us however that all that is immaterial to the issue that is involved in this case. The marshal has the right to look to the Board of Aldermen for the salary to be paid for his services to the village without regard to any other work he might do for anybody else or in some other capacity for the village itself. Certainly a man who devotes his entire time, as this relator testified he did, to his office, could hardly be expected to work at a salary of $15 per month especially in these days when the trend is to increase rather than reduce salaries.
It is urged that in the interest of the same economy which prompted them to reduce the relator's salary, the Mayor's and the Board of Alderman's salaries were also reduced. But theirs were only nominal salaries of $2 and $1, monthly, and it seems hardly fair to urge the reduction made in those salaries, in comparison, as a justification for the reduction made in the marshal's salary. Moreover it is noted that the town or village clerk testified that her salary was not reduced at all and whilst the amount is not mentioned, considering the work she does, we would think that hers is more than nominal. She testified that her salary is being paid from a different fund than that from which the marshal's was paid. Not a word of testimony appears however to show the source of such a fund and why it exists. *Page 98 
It doesn't seem quite proper that there should be a special fund from which the clerk's salary could be assured and that the marshal, whose office is equally, if not more important, has to depend on the stability of the general fund in order to have his paid regularly.
These considerations lead us to the conclusion that the action of the Mayor and Board of Aldermen in reducing relator's salary was, to say the least, arbitrary and is subject to correction.
For the reasons stated it is ordered that the judgment appealed from be and the same is hereby reversed, annulled and set aside and it is now ordered that a writ of mandamus issue herein, directed to the Mayor and Board of Aldermen of the Village of Roseland, commanding them to reinstate the salary of the relator herein, John L. Ratliff, marshal of the said Village of Roseland, at the sum of $50 per month, beginning with the month of August, 1944, and it is further ordered that the said defendant, Mayor and Board of Aldermen of the Village of Roseland, pay all costs of these proceedings.