Statement.
MONROE, J.
Relator alleges that he desires to engage in the business of selling intoxicating liquors in the town of Coushatta, but is prevented from so doing by reason of the fact that the police jury of the parish and the town council have imposed a license tax thereon of $5,000; that said tax was imposed with the sole and declared purpose, and with the effect, of prohibiting the business, which cannot be conducted without loss under a higher license than $2,500; and that the action of the parish and town authorities amounts to a wanton abuse of discretion and is ultra vires, in that the power to prohibit in such case is vested in the people, and is to be exercised by means of elections to be held for that purpose. He prays that the police-jury and the town council be cited, that the ordinances imposing the tax mentioned be annulled, and that said bodies be directed, by mandamus, to repeal the same and to adopt ordinances fixing the amount of the license in question at not more than $2,500.
The police jury for exception and answer says:
That the court ’ is without jurisdiction, ratione materia.
That the petition discloses no interest in relator and no cause of action; and that respondent fixed the amount of the license at $5,000 as both a police regulation and a revenue measure, and, in so doing, acted within the authority and discretion conferred on it by law.
The town council answers that it imposed the license in the amount stated in order to secure for the town of Coushatta, under article 229 of the Constitution and Act No. 142 of 1904, exemption from parish licenses, and, but for that consideration, would fix art amount which would not he prohibitive.
It is admitted that the license for 1899 was $250; for 1900, $2,000; for 1901, $4,000; and for each of the years 1902, 1903, 1904, 1905, 1906, $5,000. It is shown that no license of either $4,000 or $5,000 has ever been paid, and that but two persons paid the license of $2,000. Relator offered to prove by members of the police jury, and others, that, when the ordinance imposing the license of $5,000 was adopted, the purpose, as expressed by all the members of the police jury, was to prohibit the sale of whisky in the parish, but the testimony was-objected to and excluded. Several, witnesses testified that they had had some experience in selling liquor in the parish, and *770 that any license exceeding $2,500 would, in their opinions, operate to prohibit the business, and there is nothing to the contrary, unless it be the testimony of the relator to the effect that, in 1904, a New Orleans firm, proposed to pay the license of $5,000, provided the members of the police jury would, personally, agree not to increase it during their term of office, but that the proposition was rejected.
There was judgment for relator, annulling the ordinance complained of, and ordering the police jury and town council to adopt ordinances fixing the license at an amount not exceeding $2,500, and the police jury has appealed.
Opinion.
What the decision shall be depends mainly on the result of the inquiry whether the question at issue is one which the judiciary department of the government is authorized to determine. The Constitution confines the legislative powers of the government to one department, those which are executive to another, and those which are judicial to another, and provides that no one of these departments shall exercise power properly belonging to either of the others, except in cases expressly directed or permitted. Articles 16, 17. It is undisputed that the power to make laws is vested in the legislative department, the co-operation of the executive in such matters constituting an exception “expressly directed” (articles 76, 77, 78); and it is equally undisputed that there are no other limits to that power than such as are to be found in the Constitution, laws, and treaties of the United States and in the Constitution of this state. Upon the other hand, it is not, and cannot, reasonably, be asserted, that the judiciary department is vested with the slightest shadow of authority in the matter of making laws; its sole function being to interpret the laws, as made, and to determine whether, in enacting and enforcing them, the legislative and executive departments have confined themselves within the limits prescribed, and the attaching of any other function to the officers of the department first mentioned being expressly prohibited (article 96). The power to make laws, in general, includes the power to make laws imposing taxes, but this latter authority is conferred, in terms, upon the legislative department, proper, and upon the agencies which that department is authorized to create and establish, as follows:
“Article 224. The taxing power may be exercised by the General Assembly, for state purposes, and by parishes and municipal corporations and state boards, under authority granted to them by the General Assembly, for parish, municipal and local purposes, strictly public in their nature.”
Dealing with the particular subject under consideration, the Constitution provides:
“Article 229. The General Assembly may levy a license tax * * * ; all persons pursuing any trade, profession, business, or calling may be rendered liable to such tax, except clerks. * * * No political corporation shall impose a greater license tax than is imposed by the General Assembly for state purposes. This provision shall not apply to dealers in distilled, alcoholic, or malt liquors.”
“Article 181. The regulation of the sale of alcoholic or spirituous liquors is declared a police regulation and the General Assembly may enact laws regulating their sale and use.”
Pursuant to the authority conferred by ar tide 229, the General Assembly passed Act-No. 171, p. 387, of 1898, being “An act to levy and enforce payment of an annual license tax upon all persons * * * pursuing any trade, profession, vocation, calling, or business,” etc., section 16 of which reads:
“That any municipal or parochial corporation in this state shall have the right to impose a license tax on any business, occupation, or profession herein provided for; provided, that all such license tax shall conform to the provisions of article 229 of the Constitution.”
And section 13 of which imposes a state license tax on the business of liquor selling. Pursuant to the authority conferred by article 181, the General Assembly passed Act No. 115, p. 168, of 1898, which provides that;
*772 “The police juries shall have power to make all such regulations as they may deem expedient. * * * Sixth. To regulate the police of taverns and houses of public entertainment and shops for retailing liquors in their respective parishes, and to impose whatever parish tax they may see fit on all keepers of billiard tables and grog shops and, on all hawkers, peddlers and trading boats.”
—Which provision was re-enacted in Act No. 202, p. 391, of 1902. These provisions plainly contemplate the licensing, rather than the prohibiting, of the business in question, and no more authorize its suppression, by the exercise of either the taxing or the police power, than they authorize the suppression, by that method, of taverns or houses of public entertainment. Nor, do we find the situation changed by other, or subsequent, legislation. Act No. 221, p. 451, of 1902, which amends the pre-existing local option law (so as to include “villages”) provides:
“That the police juries, * * * the municipal authorities of the several villages, towns and cities, and the city council of the city of New Orleans shall have the exclusive power to make such rules and regulations for the sale, or the prohibition of the sale, of intoxicating liquors as they may deem advisable and to grant, or withhold, licenses from drinking houses and shops within the limits of the' city, parish, ward of a parish, town or village, as a majority of the legal voters of any city, parish, ward of a parish, town or village may determine, by ballot, and the said ballot shall be taken whenever deemed necessary by the police juries of the several parishes, ■ the municipal authorities of the several towns, and the city council of the city of New Orleans; provided, said election shall not be held oftener than once a year, and, when so held, the effect of said election shall continue in force until another election in the parish, ward of a parish, city, town, or village is held on the same question, and, provided further, that, whenever, at an election held under this section, the majority of votes cast in said ward, if only a ward election has been held, or a majority of the votes cast in a parish, if an election has been held in a whole parish, shall be against granting the license for the sale of intoxicating liquors, said vote, or decision, shall control the action of any ward, city, town or village, within the limits of the ward, or parish, as the case may be, as fully and completely as if said election had been held by authority of said city, town, or village.”
We find it impossible to interpret this statute otherwise than as meaning that the police juries shall have exclusive power to regulate the sale of liquor when the sale is authorized by the legal voters of the parish, and the exclusive power to regulate or enforce the prohibition when such is the expressed will of the voters. When, therefore, either by the action or nonaction of the legal voters, the sale of liquor is authorized, the police jury has the power, and it becomes its duty, to determine the amount of, and to impose, the license tax upon, and to “regulate,” the business as conducted by those who pay the tax and take out the license.
In no case, however, is the power conferred on the police jury to prohibit the business, and, whilst it is true that the taxing power is, essentially, legislative, and that the unlimited power to tax may include the power to prohibit, it is also true that, where-the state grants to one of its agencies the power to license and regulate, whilst not only withholding, but lodging elsewhere, the power to prohibit, the power so granted is exceeded when used to prohibit and destroy, and a case is thereby presented in which the authority of the judiciary may be invoked. Dillon on Hun. Corps, vol. 1, pp. 151, 152, § 94; Cooley on Taxation (2d Ed.) 597, 598; Cooley on Taxation (3d Ed.) pp. 14, 15, 1101; City of Lyons v. Cooper, 39 Kan. 324, 18 Pac. 296; Morton v. Mayor, 111 Ga. 162, 36 S. E. 627, 50 L. R. A. 485; Black on Intoxicating Liquors, § 227; A. & E. Enc. of Law, vol. 17, pp. 285, 286.
We find no objection, in the pleadings, to the form of the proceeding, and our con elusions, from the admissions and evidence in the record, are that the license tax for the year 1906, here complained of, is prohibitive; that any license tax on the business in question, for the present year, in excess of $2,500, would be prohibitive; that the levying of a prohibitive tax, in the case pre *774 sented, involves the exercise of a power which the police jury does not possess; and that it is the plain, ministerial duty of that body to levy a license tax on the business in question, which, for the whole year 1906, will not exceed $2,500. This we understand to have been the conclusion reached by the judge a quo.
The judgment appealed from is, accordingly, affirmed.
NIOHOLLS, J., absent.