SOMMERVILLE, J.
Defendant is' charged with “being a person who is keeper, owner, lessee, manager, inmate, employs, hireling, watcher of a house of prostitution. Did keep or have intoxicating liquors in a house of such character, at No. 912 Fannin street, in *353 violation of the law and ordinances of the city of Shreveport,” etc.
The above affidavit was made under ordinance No. 40 of 1913, city of Shreveport, which is as follows:
“Be it ordained by the council of the city of Shreveport, in legal and regular assembly convened, that it shall be unlawful for any person who is keeper, owner, lessee, manager, inmate, employe, hireling or watcher of a house of prostitution or assignation (or any house where a prostitute lives) or who is a habitual visitor thereto, or who loafs around such place or places, to keep or have intoxicating liquors in such house, in any quantity whatever, or for any purpose whatever, except on a physician’s prescription for medicinal purposes.”
A penal clause follows the above section.
Defendant demurred to the foregoing affidavit and moved to quash same on the grounds: (1) That the city council is without authority to pass this ordinance because it is ultra vires; (2) that the ordinance is in violation of the Constitution of the state and of the amendments to the Constitution of the United States guaranteeing the personal liberties of parties, and as being class legislation.
The demurrer was sustained; and the city appeals.
[1,2] The city contends that it had the right to pass the above-quoted ordinance under Act No. 220 of 1912, pp. 498, 500, which embraces the last amendment of the law granting certain police powers to the Shreveport city council, and is as follows:
“To create by ordinance such district or districts within which all bars, saloons, and clubs or other places where intoxicating liquors are disposed of, may be confined; to regulate the police of theaters, public halls, taverns, places for shows and exhibitions, houses for public entertainments, shops for retailing liquors, houses for public prostitution, and to order the same to be closed whenever the public safety and tranquillity may require it, and to impose such regulations and duties upon persons keeping such place as they may deem proper and necessary, and to punish all vagrants.”
Thus it is made clear that the council of the city of Shreveport has the right to pass ordinances regulating “houses for public prostitution, and to order the same to be closed whenever the public safety and tranquillity may require it, and to impose such -regulations and duties upon persons keeping such place as they may deem proper and necessary.” And it is urged that the city has the right to cause to be arrested and punished a “keeper, owner, lessee, manager, inmate, employé, hireling or watcher of a house of prostitution or assignation (or any house where a prostitute lives) or one who is an habitual visitor thereto, or who loafs around such place or places,” who keeps or has intoxicating liquors in such house, in any quantity whatever, for any purpose whatever, except on a physician’s prescription for medicinal purposes.
The trial judge, in a well-reasoned opinion, finds that the council of the city of Shreveport had no authority to pass the ordinance referred to.
Black on Intoxicating Liquors, at page 50, says:
“But it is justly held that a provision in such a law that no person, without a state license, shall ‘keep in his possession, for another, spirituous liquors,’ is - unconstitutional and void. ‘The keeping of liquors in his possession by a person, whether for himself or for another, unless he does so for the illegal sale of it, or for some other improper purpose, can by no possibility injure or affect the health, morals, or safety of the public, and therefore the statute prohibiting such keeping in possession is not a legitimate exertion of the police power. It is an abridgement of the privileges and immunities of the citizen without any legal justification, and therefore void.’ ”
And again in Commonwealth v. Campbell, 133 Ky. 50, 117 S. W. 387, 24 L. R. A. (N. S.) 172, 179, 19 Ann. Cas. 163, it is said:
“The sole charge against him is that he had it in his possession, and therefore we must presume that he had it there for a lawful purpose, if he could so hold it. Nothing that we have said herein is in derogation of the power of the state under the Constitution to regulate the sale of liquor, or any other use of it which in itself is inimical to the public health, morals, *355 or safety; but, as spirituous liquor is a legitimate subject of property, its ownership and possession cannot be denied when that ownership and possession is not in itself injurious to the public. The right to use liquor for one’s own comfort, if the use is without direct injury to the public, is one of the citizen’s natural and inalienable rights, guaranteed to him by the Constitution, and cannot be abridged as long as the absolute power of a majority is limited by our present Constitution. The theory of our government is to allow the largest liberty to the individual commensurate with the public safety, or, as it has been otherwise expressed, that government is best which governs the least. Under our institutions there is no room for that inquisitorial and protective spirit which seeks to regulate the conduct of men in matters in themselves indifferent, and to make them conform to a standard, not of their own choosing, but the choosing of the lawgiver; that inquisitorial and protective spirit which seeks to prescribe what a man shall eat and wear, or drink or think, thus crushing out individuality and insuring Chinese inertia by the enforcement of the use of the Chinese shoe in the matter of the private conduct of mankind.”
Mr. Cooley, in his work on Constitutional Limitations, p. 550, states the rule with reference to sumptuary laws to be:
“The right of every man to do what he will with his own, not interfering with the reciprocal rights of others, is accepted among the fundamentals of our law.”
The state of Louisiana-has not made it a crime to have intoxicating liquors in possession, or for personal use, as has been attempted by the council of' the city of Shreveport. There is not even a prohibition statute in the state forbidding the sale of intoxicating liquors, with the exception where the General Assembly has prohibited the sale of liquors within certain territory, generally around schools.
The other cases where liquors cannot be sold are under the local option laws, wherein the people by their votes have decided to withhold licenses for retailing intoxicating liquors, and the state has by legislation made it a misdemeanor to sell liquors without first obtaining a license. These local option laws, however, do not extend throughout the state. The Constitution and laws recognize liquors as being legitimate articles of commerce; and their possession has never been condemned by any state law; and they have not been declared to be contraband.
In Caddo parish and the city of Shreveport, by a vote throughout the parish, it appears that it has been decided to withhold licenses from drinking saloons and to prohibit the sale of intoxicating liquors; but this vote has not and could not have made the possession of intoxicating liquors' for every purpose a crime; and the council of Shreveport is without authority to extend the effect of the vote of the people on the question, and declare that it shall be unlawful for a person “to keep or have intoxicating liquors in such house (of assignation or prostitution) in any quantity whatever, or ’ for any purpose whatever, except on a physician’s prescription for medicinal purposes.” The ordinance is beyond the terms of any state statute in that it interferes with personal liberties. Houses of'prostitution may be regulated, and they may be closed by the council; but the property of the keepers of these houses may not be confiscated, and their personal liberties be interfered with, so long as they and their property are not inimical to the public safety. The business of such houses is in itself immoral; but the character of defendant or of her house is not the matter under discussion and submitted for a decision.
In the case of State ex rel. Lisso v. Police Jury of Red River Parish, 116 La. 767, 41 South. 85, where the police jury had undertaken to prohibit the retailing of spirituous liquors by imposing a license which was prohibitory in its nature, we hold that the police jury was without authority to pass such an ordinance, inasmuch as it had no authority to close drinking saloons. We there held that the police jury had exclusive power to a’egu *357 late the sale of liquor where the sale is authorized, and to regulate or enforce the prohibition of such sale when the voters have so determined, and that, where the sale of liquors is authorized, the police jury has the power, and it becomes its • duty, to determine the amount of and impose the license tax upon and to regulate the business as conducted by those who pay the tax and take out the license.
In that ease we proceed to say:
“In no case, however, is the power conferred on the police jury to prohibit the business, and whilst it is true that the taxing power is essentially legislative, and that the unlimited power to tax may include the power to prohibit, it is also true that, where the state grants to one of its agencies the power to license and regulate, whilst not only withholding, but lodging elsewhere, the power to prohibit, the power so granted is exceeded when used to prohibit and destroy, and a case is thereby presented in which the authority of the judiciary may be invoked.”
And in the case of City of Shreveport v. Maloney & Schulsinger, 107 La. 193, 31 South. 702, where the city sought to close turf exchanges, .on account of the gambling carried on therein, we say that the city was without the authority so to do; that there was no state statute ordering the closing of turf exchanges or prohibiting them from carrying on their business.
We are of the opinion that the city of Shreveport was without authority to declare the keeping or having of intoxicating liquors in a house of prostitution in any quantity whatever, or for any purpose whatever, to be a misdemeanor or crime, and that the ordinance so declaring is ultra vires, null, and void.
Judgment affirmed.
LAND, J., concurs in the decree. PROVOST Y, J., dissents.