CONREY <em>v.</em> HARRISON et al.

Where interrogatories are propounded to a plaintiff, in answer to one of which he states that
defendant is indebted to him in the amount sued for in an action against him as drawer of
a bill of exchange, it will be unnecessary to make any further proof of his claim until the
answer is rebutted by sufficient evidence.

CONREY
v.
HARRISON.

An agent, in possession of a bill endorsed in blank, may maintain an action on it in his own name. The fact that the bill belonged to a third person is unimportant, except to enable the defendant to oppose any equitable defence against the true owner.

Where a court of the first instance is not required to pronounce on an exception of *lis pendens*, before going to trial on the merits, it will be considered as waived.

APPEAL from the Third District Court of New Orleans, *Kennedy J. Lockett* and *Goold*, for the plaintiff. *J.* and *H. H. Strawbridge*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The defendant, *Harrison*, demands the renewal of the judgment, upon the ground that there is no evidence that he received notice of protest of the bill of exchange, upon which he is charged,

*Harrison* propounded interrogatories to the plaintiff, in answer to one of which the plaintiff replied that, *Harrison* was indebted to him, for the reasons alleged in the petition, in the sum there stated, subject to certain credits as stated in the answer. It was not necessary to make further proof until this answer was rebutted by sufficient testimony. With regard to the fact disclosed in the plaintiff's answers, that the bill belonged to the bank of Charleston, whose agent the plaintiff is, it was unimportant, except to enable the defendant to show an equitable defence against the true owner, which he has not done. The bill being endorsed in blank, and in *Conrey's* possession, he could maintain an action upon it in his own name.

*Elbert* pleaded the pendency of another suit against him; but there is nothing in the transcript to show that the court was called to pronounce upon this exception, before going to trial upon the merits. See *Kempe* v. *Hunt*, 4 La. 482.

*Judgment affirmed.*