THOMAS POWELL *v.* JOSEPH A. GRAVES.

Where a party consents to go to trial on the merits, without insisting on the previous action of the court on his exceptions, he is presumed to have waived the same.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
   *Mott & Frazer,* for plaintiff   *Gaither & McPheeters,* for defendant and appellant.

LAND, J. In this case, a rule was taken on *Williamson Smith,* the surety of the defendant on an attachment bond, to show cause why he should not be condemned to pay the amount of plaintiff's judgment, interest and cost.

In answer to the rule, the surety pleaded several exceptions, which do not appear to have been acted on by the District Judge. And as the surety consented to go to trial on the rule, without insisting on the previous action of the court on his exceptions, he is presumed to have waived the same.

On the trial, the District Judge says:

" The defence to this rule is, that the defendant therein has not had the benefit

of the Sheriff's diligence during the whole time he was entitled to it, in order that the debt for which he is security might have been collected from the principal.

"A *fieri facias* issued, to be returned in seventy days. The law prohibits any longer delay than this. C. P. 641. Counting the day upon which the *fi. fa.* was received by the Sheriff, and the day upon which it was returned, seventy days had elapsed. It seems to me the defendant has had all the delay which he was entitled to in law. If he suffered, he should have made it appear."

The District Judge did not err; and for the reasons assigned by him, it is ordered, adjudged and decreed, that the judgment be affirmed, with costs.