HOWELL, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

LISIDA CURE, Tutrix, *v.* JEAN PORTE et al.

*Where a party goes to trial in the Court below, without a hearing on the exceptions, they are considered as waived, and cannot be heard in this Court.*

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. LABAUVE, J. This suit is brought by plaintiff, in her own name, as creditor of the deceased Jacques Gallay, and as natural tutrix of his minor children, the legitimate children also of said deceased, to set aside and annul, as simulated, a sale made by the said deceased, Gallay, to one Jean Porte, of a certain dairy, for $1,200 cash, and as containing a disguised donation to the concubine of the deceased.

The answer to defendants is, first, an exception to plaintiff's right and interest to maintain the present suit, and a denial of all the allegations set forth in the petition.

Without any further notice taken of the exceptions, either by the parties or the Court, the case was taken up for trial on the merits, when a mass of testimony was received; the Court, after hearing the evidence, gave judgment in favor of plaintiff as prayed for, and the defendants took this appeal.

The defendants insist on their exceptions in this Court. We are of opinion that, having gone in the trial of the case on the merits, without requiring a decision upon them in the Court below, the defendants waived and abandoned them. 1 N. S. 130; 4 La. 482; 14 La. 288.

The deceased, Jacques Gallay, had been married to the plaintiff; they had two children and were divorced. He afterwards kept, as his concubine, Henrietta Maldry, one of the defendants; this sale was made on the 20th December, 1859, to the defendant, Jean Porte, for twenty-one cows, two mares, twelve hogs, thirty chickens, one lot of hay, two carts, and one lot of harness, and the whole apparatus for selling milk, for $1,200 cash, and the deceased, Gallay, died next day, 21st December, 1859. The money was handed to the vendor, Gallay, at the time of the sale, and then taken by the defendant, Henrietta; an inventory has been made of lots belonging to the estate, appraised at $800, and three articles, appraised at $5 00, and no money was found. It appears that the things sold remained in the possession of the said Henrietta, whose sister was the wife of Jean Porte, the defendant and purchaser. Dr. Armand Mercier was called to visit the deceased, and, at his second visit, he saw the patient was very low, and getting worse and worse every moment. He then told to a man in the establishment that, if the sick man had any testamentary dispositions to make, he had better make them at once, inasmuch that, in a very short time, it would be too late.

Dr. Mercier further says: The first day I saw the sick man, I cannot say he was in *extremis;* quite the contrary. When I saw him after J. Cuvillier had executed the act above spoken of, the sick man was still *mentis compos,* although he died a few hours after.

The plaintiff alleges in her petition and contends that the pretended sale was nothing but a simulated and disguised donation, made to the deceased's concubine, namely, Henrietta. The case involves none but questions of facts. The Court below, who heard the witnesses, was clearly of opinion that the sale was a simulation and a disguised donation, in favor of Henrietta, the deceased's concubine.

We have examined the testimony, and we are not prepared to say that our learned brother erred. The surrounding circumstances are sufficiently strong to raise the presumption of a disguised donation to his concubine ; and, for the reasons given in his judgment, we are of opinion that he decided correctly.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed; with costs.