(45 South. 47.)

No. 16,640.

STATE ex rel. DAVIS v. POLICE JURY OF WEBSTER PARISH.

(Nov. 18, 1907.)

1. PROCESS—AUTHORITY TO ISSUE—CLERKS OF COURT—DEPUTY CLERK DE FACTO.

A writ signed by one of the fair sex as deputy clerk of court, if voidable, is not absolutely void. If subject to direct, it is not to collateral, attack.

A party to the suit cannot be prejudiced by her signature. She is a de facto officer.

2. PROCESS—DEFECTS—OBJECTION NOT URGED IN TIME.

There was no attempt made to have the exception decided before the case was decided on the merits. The question should have been pressed by defendant in order to have it decided in limine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 211.]

3. MANDAMUS—NOTICE.

Defendant, in any event, was notified.

4. TENDER—WHEN REQUIRED—NO PURPOSE TO BE SERVED.

Tender not required to be made if manifest that it would have been made to no purpose.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, § 47.]

5. INTOXICATING LIQUORS — LICENSE — CAUSE OF ACTION.

There was cause alleged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 75.]

6. SAME—ON THE MERITS.

The power to impose a liquor license does not include the power to prohibit.

The testimony abundantly proves that $2,500 is a license, while $5,000 is a prohibition.

Under local option, the voters carried the ward in favor of licensing. The police jury had no authority in law to defeat the result of the election by levying a license in amount the last mentioned.

(Syllabus by the Court.)

Appeal from Second Judicial District Court, Parish of Webster; Richard Cleveland Drew, Judge.

Application by the state, on the relation of W. G. Davis, for writ of mandamus to the police jury of Webster parish. From an order granting the writ, defendant appeals. Affirmed.

Stewart & Stewart, for appellant. Robert P. Hunter & Sons, for appellee.

BREAUX, C. J. Relator asked for a writ of mandamus against the police jury of the parish of Webster.

He seeks to have the liquor license in the ward in which he proposes to open a liquor saloon fixed at $2,500.

The license at this time, fixed in accordance with an ordinance of November 8, 1906, is $5,000, for the year 1907.

Relator urges that a license of $5,000 is prohibitory, and for that reason illegal.

The judgment appealed from makes the mandamus peremptory and orders the police jury to meet within 20 days and fix the license for the year 1907 at the amount of $2,500.

From that judgment, the defendant parish has taken a suspensive appeal.

On the Exceptions:

There are preliminary questions to the decision of which we will in the first place apply ourselves.

The first is that no legal writ has been issued; that the writ served was signed by Mrs. Dora Dupuy, who is incapable of holding office or of exercising any of the duties of a deputy clerk.

The second of defendant's propositions is that the suit is premature because relator did not make a tender of the $2,500, amount of license which he admits is not excessive and prohibitory; and, lastly, relator's petition discloses no cause of action.

We now return to the first proposition for decision, to wit, that the writ was signed by a person of the opposite sex.

She, at any rate, had de facto authority sufficient to bind the complaining respondent. She unquestionably qualified by taking the proper oath. Her appointment had the sanction of the judge. She exercised the duties of the office and signed the writ with some

claim of title to her position. She acted as a deputy clerk.

Those who bring suit cannot be collaterally prejudiced by any such objection.

It was not shown that the relator, who resides in another parish at some distance from the court of justice of the parish of Webster, knew that a young lady had signed the writ of mandamus.

The validity or the invalidity of the appointment of the female deputy clerk is not a question which should prejudice a third person, and not one in which respondent had any very great reason to be concerned.

The following decisions relate to the binding effect of acts by de facto officers: State v. Sadler, 51 La. Ann. 1397, 26 South. 390; Guilbeau v. Cormier, 32 La. Ann. 930; Succession of Keller, 39 La. Ann. 580, 2 South. 553; Cash v. Whitworth, 13 La. Ann. 401, 71 Am. Dec. 515; Mayor, etc., of Natchitoches v. Redmond, 28 La. Ann. 274.

Moreover, the question, if there is anything in it, is one which should have been urged in limine. It was decided on the merits. The record does not disclose that the respondent made the least attempt to have it considered and decided before the case was decided on the merits by the final judgment of the district court.

Respondent must be considered as having waived the ground urged, if it ever had any merit.

A defendant, under the circumstances above stated, disclosed by the testimony, is presumed to waive an exception. Heirs of Kempe v. Hunt, 4 La. 482; Powell v. Graves, 15 La. Ann. 188; Curé v. Porte, 18 La. Ann. 206; Lewis v. Homer, 23 La. Ann. 255; Tupery v. Edmondson, 32 La. Ann. 1146; Hickman v. Dawson, 33 La. Ann. 438; Ashbey v. Ashbey, 41 La. Ann. 141, 5 South. 546.

But the defendant has been notified. A copy of the petition was served upon it.

"On an application for mandamus all that is required is that the parties in interest should have notice of the application in order that their rights may be protected." Savage v. Holmes, 15 La. Ann. 334; Code Prac. art. 841.

The mandamus proceedings, because no tender of the license was made to the sheriff, is the point urged next in order by the respondent, on which we will pass at this time.

In January of this year, relator, through counsel, called upon the police jury to fix the license at the amount of $2,500.

They refused and insisted upon $5,000. It is very evident that a tender of one-half of the amount would not have served any purpose. The sheriff testified that he certainly would not have accepted it. We must say that this ground of exception has no merit. Parties cannot be required to do vain things.

The remaining ground urged by respondent for decision is that the petition discloses no cause of action and no right on the part of relator to prosecute the suit.

There is a ground of action alleged, although it has been very much diminished by the lapse of time. The year for which the license was asked has nearly elapsed, and relator can now recover only a barren right. That is the right to open the saloon for about one month, which he could open only by paying at the very least a half license, that is, $1,250, a rather large amount to pay to open a saloon at a place in the swamp, as stated by the testimony.

But there is a cause of action. As to the right of action, it appears of record that relator owns 40 acres of land in the ward in which he wishes to become a saloon keeper.

The ground here urged why he has no right of action is that he does not allege that he is a taxpayer.

Having shown that he is a landowner, it follows that he is a taxpayer. The inevitable inference is that property owes taxes.

On the merits: In the locality in which the relator proposed to open a liquor saloon (in a brushy swamp, as stated in the evidence) a saloon keeper could not at the time that the case was tried and the witnesses were heard, and much less now, pay a liquor license of $5,000 and realize the least profit from the sales of the saloon.

The testimony leads to one conclusion, to wit, that the attempt to keep such a saloon would meet with certain failure. Even at $2,500 all the saloons five or six in number save one in the ward were closed because the owners found no profit in the occupation. It is only because these other saloons were closed that the relator here might with any prospect of success at all offer to pay the $2,500.

In view of the number of witnesses that have testified regarding the prohibitory character of the license of $5,000, it must be held that the judgment appealed from should not be set aside.

In the case of the State ex rel. Lisso v. Police Jury of Red River, 116 La. 767, 41 South. 85, this court held that the power to impose the license did not include the power to prohibit.

The license to carry on the saloon business in the Fifth Ward is prohibitory. Under the cited decision, it must be held that it is illegal.

By an election held in the ward it had been decided by the people of the ward at the election that a liquor license would be issued to those who chose to follow the business of selling liquor.

The right acquired by that election may be put an end to by laws prohibiting the sale of intoxicants. It cannot be prohibited by police jury ordinance imposing a prohibitory license as to amount.

For reasons assigned, the judgment is affirmed.