ROGERS, J.
The police jury of the parish of Natchitoches, in response to advertisements calling therefor, received three bids for the performance of certain work in road district No. 26 of ward No. 2 of said parish. Upon the report of the parish surveyor, the bid of A. D. Lee, one of the defendants, was accepted as being the lowest.
Before the formal contract could be signed and bond furnished, thereunder, plaintiffs, who were unsuccessful bidders, instituted the present suit against the police jury and said Lee, alleging, substantially, that their bid was in reality the lowest; that Lee was a person interposed, the real parties in interest being a member of the police jury from said ward No. 2 and the chairman of the board of supervisors of road commission of said district No. 26, made by law the agent of the police jury, both of whom are prohibited by law, civil and criminal, froin being interested directly or indirectly in contracts with this parish or with subdivisions of the parish.
The prayer of the petition was for service and citation and service upon the defendants *1003 to show cause why an injunction should not issue restraining and prohibiting the police jury from accepting' the bid of A. D. Lee and from consummating the contract thereunder; that on the trial of this suit and rule the bid of said Lee be decreed illegal, unlawful, unfair, and contrary to law, and their bid be declared to be the lowest, and they be awarded the contract. In the alternative, plaintiffs prayed that the police jury be ordered to readvertise and reoffer the work. ; s . ; ! d 1
Defendant Lee, appearing through counsel, answered, denying the material allegations of the petition, and specifically denying that he was a party interposed averring that his bid was the lowest of the three bids submitted, and that the acceptance of his offer by the police jury constituted a contract between them. Defendant incorporated in his answer exceptions of no cause of action; an exception of vagueness directed at the failure of the petition to^ set forth the names of the parties for whom Lee was alleged to have been acting; and an exception to the rule to show cause for an injunction to issue without bond.
The police jury, through its president, appeared in court and adopted as its own the pleas and answers of its codefendant, with special averments of the good faith, integrity, and honesty of the members, and that the contract was hwarded to Lee because he was the lowest bidder.
These pleas and answers were filed by the defendants when the cause was called for hearing on the order to show cause. On this hearing the defendants tendered — '
“the entire issue for the court to determine the question as to whether the injunction should issue or should not issue upon plaintiffs’ petition, with his documents attached, and this answer, with the documents attached; that no further parol testimony is admissible, the question not being one on the merits of the case, but as to whether the legal require- , ments for the issuance of the injunction were presented by the plaintiff, when the answer to the rule is considered.”
; The court does not appear to have passed: s upon the exceptions save the one of vague- . ness, which was maintained with leave to ; amend, which was done instanter, plaintiffs ! naming as the real parties in interest in the contract the member of the police jury and chairman of the board of supervisors or road 1 commission of district No. 26 as hereinbefore referred to.
However, as defendants are not urging these exceptions here, except the one directed against the issuance of the injunction without bond, it is unnecessary for us to consider any of these pleas other than the exception which is stressed before us.
At the inception of the hearing, plaintiff's called the president of the police jury to the stand for the purpose of cross-examination under the act. Counsel for, defendant thereupon renewed his objections to the admissibility of parol evidence upon the ground that the only question to be considered was whether plaintiff was entitled to an injunction or not; that the result of hearing the testimony would be to try the case on the merits; that the testimony sought to be introduced was inseparable from the testimony to be given on the merits; and that there had been no citation to try the case on the merits.
The court overruled the objections for the reasons, as stated by the judge, to be assigned in writing. These reasons are not in the record, and it does not appear that the contemplated written opinion was ever given.
, The trial was then proceeded with, witnesses were heard for the plaintiffs and for the defendants, and judgment was finally rendered, declaring the bid of A. D. Lee to be null and void, enjoining him and the police jury from entering into any contract to carry out the terms thereof, and the police jjiry from accepting bond from Lee, and, further, directing the police jury to accept the bid of plaintiffs and to award the contract to them and to accept their bond therefor.
*1005 Prom this judgment defendants have appealed.
Defendants urge that the judgment is arbitrary and oppressive because: (1) It is a final judgment without legal citation; (2) it perpetuates an injunction which never issued or' ordered to issue; (3) it perpetuates an injunction without bond having been given in a case where the law requires a bond to be given; and (4) it usurps the authority of the police jury in coercing their discretion.
Without excepting in limine to the want of citation, defendants joined issue on the merits. An answer to a rule nisi is in effect an answer .to the merits. Heyniger Co. v. Hoffnung, 29 La. Ann. 57. Defendants in their answers engaged all the points raised by plaintiffs’ petition. This constituted a waiver of citation. The oral objection made at the trial was ineffectual to raise the question of want of citation, which should have been raised specifically b'y pleading and before answer filed. The attempt of counsel to limit the scope of his pleadings by statements in open court on the trial of the case was ineffective to control the allegations and consequences thereof, as the pleadings, when once filed, were before the court in their entirety and for all the purposes therein set forth.
An analysis of plaintiffs’ petition shows that their principal demand was for the annulment of the acceptance of the bid of Lee, and that the injunction asked for was a mere incident of that demand.
The injunction sought was not a preliminary one issuing upon the face of the papers pri- or to the trial upon the merits, but was permanent in its nature, to issue only after hearing. Whatever may have been the defect in the form of plaintiffs’ pleadings it was cured by the appearance and answer of defendants.
The injunction in this case results from a judgment upon the merits. It' is not necessary that it should have • issued preliminarily or that it should have been.ordered to issue preliminarily, or that a „ bond should have been given. It would have been a useless formality to require a bond where the injunction was decreed' by the court in its judgment. If a preliminary judgment had been issued upon bond, the judgment perpetuating the injunction would have had the effect of releasing the surety. Besides, the injunction is ineffective because it has bee"n suspended by the motion and order of appeal. Without the appeal it would have been a final judgment without any liability attaching to the surety if a bond had been required. Pending the appeal it could have no effect even if a‘ bond had been ordered, the parties enjoined being at liberty to contract if they had so desired, and a reversal of the judgment would find them in the same position they were before the institution of the suit; while an affirmance of the judgment would stamp it with finality without any liability whatever attaching to the bond.
The record fails to show that defendants were prejudiced in any manner by the rulings of the trial judge. The case seems to have had a full and complete hearing on the merits, four witnesses testifying for the plaintiffs, and eight witnesses testifying for defendants. Even if it be conceded, which it is not, that defendants’ counsel was technically correct in his contention that a preliminary injunction on bond should have issued and then have been perpetuated instead of resulting from the final judgment itself, it would not serve' any useful purpose to remand the ease in order that the preliminary writ should be granted, followed by another trial in which the same witnesses would be heard and the same judgment rendered. Sinnott v. Rochereau, 34 La. Ann. 784.
The district judge concluded, after the hearing, that Lee was a party interposed act *1007 ing in behalf of the member of the police jury of ward No. 2-and the chairman of the board of supervisors of road commission of road district 26, in which the work called for was to be performed.
An examination of the record satisfies us that the judge’s conclusions in this respect were justified, and therefore that the contract is illegal and prohibited by law. Act 22 of 1898; Act 183 of 1914; Act 200 of 1906.
The judgment, in so far as it decrees the illegality of the bid of Lee and its acceptance by the police jury, and enjoins and prohibits said parties from entering into any contract in pursuance thereof, is correct. It goes too far, however, in directing the police jury to accept the bid of plaintiifs and to award the contract to them.
The bids were called for with the express reservation on the part of the police jury of the right to “accept or to reject any and all bids.” It may be that with the bid of Lee out of the way the police jury might reject plaintiffs’ offer and select that of the third bidder, or it might reject all of the bids. It is a matter entirely within the discretion of the policy jury, with which the court is powerless to interfere.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from, in so far as it decrees the police jury to accept the bid of plaintiffs and award said contract to plaintiffs and to accept the said plaintiffs’ bond and to enter into a contract with the said plaintiffs for the gravelling of said roads in accordance with the plans and specifications and profiles, be, and the same is hereby avoided, annulled, and reversed. It is further ordered and decreed that in all other respects the said judgment be affirmed; costs of this appeal to be apportioned equally between the plaintiffs and the defendants; costs of the lower court to be paid by defendants.