(106 So. 784)

Nos. 25586, 25587.

### PENDER v. GRAY et al.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Fraudulent conveyances** ⊜261—**Creditor, failing to allege insolvency of both of two judgment debtors liable in solido, held not entitled to have one debtor's transactions annulled.**

   Under Civ. Code, art. 1971, judgment creditor's allegation that one of two judgment debtors liable in solido was insolvent without alleging that other was also insolvent, or that she could not collect or execute judgment against him, did not entitle her to annulment of the first debtor's transactions.

2. **Fraudulent conveyances** ⊜86—**Debtor's transfer of property for antecedent debt is not simulated, though it may be subject to revocation by creditor.**

   Debtor's transfer of property for antecedent debt is not simulated, though it may be subject to revocation by his creditor under Civ. Code, art. 1971.

3. **Fraudulent conveyances** ⊜297—**Judgment against insolvent debtor liable in solido with another defendant thereon, and defendants' admissions held not sufficient to show insolvency of other defendant.**

   In judgment creditor's suit to annul transfers of property by insolvent judgment debtor, liable in solido with another judgment debtor, *held*, that judgment and defendants' admissions

in their answer that there was large balance due on judgment was not sufficient showing that other defendant was insolvent.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Suits by Mrs. Agnes Pender against William E. Gray and another. Judgments for defendants, and plaintiff appeals. Judgments amended.

W. J. Carmouche, of Crowley, for appellant.
Philip S. Pugh, of Crowley, for appellees.

O'NIELL, C. J. These are actions to annul two transactions made by William E. Gray, a debtor of the plaintiff. She holds a judgment against William E. Gray and William Page Gray, in solido, rendered by the district court of St. Mary parish, for a sum exceeding $20,000, dated the 20th of June, 1921. The debt was originally represented by promissory notes dated the 22d of November, 1919. On the 23d of December, 1920, William E. Gray sold to J. Nunnery Gray certain lands in Acadia parish, where the Grays resided. The price stated in the deed was $6,-929, of which $4,373 was said to be paid in cash, and the balance was said to be accounted for by the buyer's assuming a debt secured by mortgage on the property. On the 24th of December, 1920, William E. Gray mortgaged to H. W. Lackey other lands in Acadia parish to secure an alleged indebtedness of $3,300, for which William E. Gray then gave his promissory note secured by the mortgage.

The first of these suits, being No. 25586, is to annul the sale to J. Nunnery Gray; and the second suit, being No. 25587, is to annul the mortgage to H. W. Lackey. In the petition in each case it was alleged, first, that the transaction was a simulation, and, in the alternative, that the transaction, if not simulated, was made to defraud the plaintiff, as a creditor of William E. Gray, and to give an unfair preference to the other creditor; name-

ly, J. Nunnery Gray in the first suit and H. W. Lackey in the other suit. It was alleged in the petition in each suit that William E. Gray was insolvent at the time of the transaction complained of, and that the other party to the transaction, J. Nunnery Gray in the one case, and H. W. Lackey in the other case, knew that William E. Gray was insolvent.

It was not alleged in the petition in either suit that William Page Gray, who was liable in solido with William E. Gray for the debt due to the plaintiff, was insolvent. Because of that omission, the defendant in each case pleaded that the petition did not allege a cause of action. The plea or exception of no cause of action was referred to the merits. The defendants in each case then answered, admitting that there was a large balance due to the plaintiff on the judgment against William E. Gray and William Page Gray in solido. They admitted that the transaction complained of in each case was made, but denied that William E. Gray was insolvent at the time, averred that the transaction in each case was for a pre-existing debt, but denied that there was any intention in either case of committing a fraud upon the plaintiff or of showing an undue preference to the other creditor, J. Nunnery Gray in the one case, and H. W. Lackey in the other. The cases were tried on those issues, resulting in a judgment for the defendants in each case rejecting the plaintiff's demand. She has appealed from the decision.

The defendants in each case have answered the appeal, and pray, first, that the judgment appealed from be amended by our maintaining the exception of no cause of action, and, in the event that the exception of no cause of action should be overruled, that the judgment appealed from should be affirmed.

The answer to the appeal was not necessary, because, if we amend the judgment by sustaining the exception of no cause of action, the result will be to change the judgment appealed from, which absolutely rejected the plaintiff's demand, into a judgment of nonsuit, which change would be favorable to the appellant, not the appellees, in either case.

[1] As we have said, the plaintiff alleged in her petition in each suit that William E. Gray was utterly insolvent and unable to pay his debts, and that, if the transaction complained of should not be annulled, she would not be able to collect her claim against William E. Gray; but she did not allege that William Page Gray, who was liable in solido on the judgment which she held, was insolvent, or that she could not collect or execute the judgment against him.

Article 1971 of the Civil Code, referring to the action of a creditor to annul a contract made in fraud of his rights, declares that this action can only be exercised when the debtor has not property sufficient to pay the debt due the complaining creditor; and the article has been construed as meaning that. when there are two debtors liable in solido to the complaining creditor, he has no right or cause of action to annul a contract made by either of the debtors, unless he alleges that both are insolvent, or that neither has property sufficient to pay the debt. In Hart & Co. v. Bowie, 34 La. Ann. 323, and again in Dreyfous v. Childe, 48 La. Ann. 873, 19 So. 929, it was held, with regard to either the revocatory action or the action en declaration de simulation, that the petition did not disclose a cause or right of action, because, there being two debtors liable in solido to the plaintiff, it was not alleged that both debtors were insolvent, or that neither had property sufficient to pay the debt of the complaining creditor. There is no reason why we should overrule those decisions. The doctrine was referred to as seeming harsh and technical in Modisette v. Hathaway, 147 La. 1047, 86 So.

489, but the two decisions maintaining the doctrine were cited with approval.

[2] Except for the appellees' answer to the appeal, it would not be necessary in either of these cases to maintain the exception of no cause of action with regard to the action en declaration de simulation, because the evidence shows that the transaction complained of in each case was made for an antecedent debt, and was therefore not simulated, though it may have been subject to revocation at the instance of any complaining creditor of William E. Gray. The exception of no cause of action, however, should have been maintained against the plaintiff's alternative demand, or so-called revocatory action.

[3] The plaintiff did not offer any evidence in either of these cases to prove that William Page Gray was insolvent or had not property sufficient to pay the debt due to the plaintiff. It is true that the judgment held by the plaintiff against William E. Gray and William Page Gray in solido was produced by the plaintiff, in answer to a prayer for oyer, filed by the defendants in each suit, before they answered or excepted to the petition. But it cannot be said that the production of the judgment and the defendants' admission in their answer that there was a large balance due on the judgment was a sufficient or prima facie showing that William Page Gray was insolvent, because the judgment was admissible in evidence as the basis of the plaintiff's suit and as a prima facie showing that William E. Gray, whose insolvency was alleged, was insolvent.

The judgment appealed from in each of these cases is amended thus: The exception of no cause of action in each case is maintained, and the suit is dismissed as of nonsuit. The appellees in each case are to pay the costs of appeal, and the appellant the costs incurred in the district court.

ST. PAUL, J., concurs in the decree.