3 So.2d 173

GAST v. GAST.

No. 34990.

May 26, 1941.

James J. Landry, of New Orleans, for plaintiff and appellant.

O'Keefe & Davison, of New Orleans, for defendant and appellee.

PONDER, Justice.

Miss Mary Gast instituted suit in the trial court, on May 14, 1936, against Henry Gast on a promissory note calling for $2,000 and interest. On June 15, 1936, prior to the trial of the suit, the defendant executed a mortgage in favor of Gus Samuels, his brother-in-law, on the only piece of real estate he owned to secure a pre-existing indebtedness of $2,750 and interest. On April 16, 1937, the plaintiff obtained judgment for $2,000 and interest. On October 6, 1937, the plaintiff sought by rule to have the mortgage given to Samuels by the defendant canceled and erased from the records on the ground that it was a simulation and in the alternative that it was executed in fraud of the plaintiff's rights and should be annulled. In answer to the rule the defendant interposed exceptions of no right or cause of action. The trial court, after hearing the rule, gave judgment maintaining the rule to the extent of $750, dismissed it as to the remainder of the mortgage, and maintained the exception of no right of action insofar as the revocatory action was concerned, reserving the plaintiff's right to file a direct action. The plaintiff has appealed.

Counsel for the appellant contends that the exception of no right of action cannot be substituted for or used to perform the function of an exception to the form or mode of procedure.

■ It is merely stated in the defendant's exception that the plaintiff's petition shows no right of action. If the defendant had alleged in his exception anything to indicate that it was leveled at the mode of procedure, it might be considered as an exception to the mode of procedure irrespective of the name given to it by the pleader but this he did not do. The appellant did not acquiesce in the treatment of the exception as one to the mode of procedure for the reason that the exception was passed on at the same time the merits were determined. The appellant immediately appealed from the judgment and is asking among other things to have the ruling corrected.

■ The exception to the mode of procedure is a dilatory plea and the exception of no right of action is a peremptory plea. Each serves an entirely different purpose and cannot be treated interchangeably. Each has a proper function to perform and cannot be substituted for the other, otherwise they would be lost, merged, and confounded. Each exception should be made to perform the function properly appertaining to it. Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587; Hankins v. Police Jury, 152 La. 1000, 95 So. 102; Succession of Thompson, 191 La. 480, 186 So. 1.

■ The revocatory action must be brought by direct suit and not by a summary proceeding. The defendant's remedy was to except to the mode of procedure before going to trial on the merits. All exceptions to form or mode of procedure are considered waived where the parties proceed to trial on the merits, without requiring any decision on the exceptions. St. Romain v. Robeson, 12 Rob. 194; Conrey

v. Harrison, 4 La.Ann. 349; Cure v. Porte, 18 La.Ann. 206; State ex rel. Davis v. Police Jury of Webster Parish, 120 La. 163, 165, 45 So. 47, 14 L.R.A.,N.S., 794, 124 Am. St.Rep. 430; Hankins v. Police Jury, 152 La. 1000, 95 So. 102.

██ We are of the opinion that the trial court's ruling with respect to the exception of no right of action should be set aside and the exception overruled. However since the trial court did not pass on the merits of the revocatory action the case should be remanded.

██ Upon examination of the record we find that the trial court was correct in determining that the mortgage was not a sham or simulation. A pre-existing debt is a sufficient consideration for the mortgage. Hibernia National Bank v. Sarah Planting & Refining Co., 107 La. 650, 31 So. 1031. A mortgage given to secure an antecedent debt is not a simulation or sham though it may be subject to revocation. Pender v. Gray, 160 La. 203, 106 So. 784. The preponderance of the evidence is to the effect that Samuels had loaned the defendant money from time to time amounting in all to $2,000. The interest of $750 claimed by Samuels is not supported by the evidence. Moreover conventional interest must be fixed in writing. Article 2924, R.C.C. Fishel v. Irwin et al., 132 La. 344, 61 So. 397. While the indebtedness is less than the amount of the mortgage securing it, it is valid to the extent of the indebtedness. Lowe v. Garriga et al., 184 La. 436, 166 So. 131. The trial court was correct in holding that the mortgage was valid to the extent of the pre-existing debt less the interest claimed.

For the reasons assigned the judgment of the trial court is reversed and set aside insofar as it maintains the exception of no right of action. The exception of no right of action is overruled. In all other respects the judgment is affirmed. The appellee is to pay the cost of this appeal and the case is remanded for hearing on the revocatory action.