GLADNEY, Judge.
The Louisiana State Board of Medical Examiners instituted this action for an injunction, alleging the defendant to be engaged in the practice of medicine without having obtained a certificate as required by The Medical Practice Act, LSA-R.S. 37:1261-37:1289. After filing a plea of vagueness and an exception of no cause or right of action, both of which were referred to the merits and are not seriously urged upon the appeal, the defendant filed an answer to the rule nisi for a writ of preliminary injunction, which answer denied all material allegations of the petition. After trial on the rule, there was judgment discharging the rule and denying the writ of preliminary injunction. From the ruling plaintiff has prosecuted this appeal.
Counsel for appellant argue the trial court erred in passing upon the merits of this suit inasmuch as the trial was solely upon issuance vel non of writ of preliminary injunction; that the trial court abused its discretion in acting arbitrarily in refusing to grant a preliminary injunction inasmuch as a prima facie case was made out for the plaintiff; . and further, that the court was in error in requiring plaintiff to prove the defendant to be a chiropractor.
*545 The Medical Practice Act which purports to define the practice of- medicine and provide against the unlawful practice thereof, represents an expression .of the State Legislature in response to a mandate from the Louisiana Constitution of 1921, Art. VI, Section 12, LSA, directing that the Legislature shall provide for the interest of state medicine in all of its departments and for the protection of the people from the unqualified practitioners of medicine. The definition accorded the practice of medicine is set out in LSA-R.S. 37 :- 1261, and reads:
“As used in this Part, ‘the practice of medicine, surgery, or midwifery’ means the holding out of one’s self to the public as being engaged in the business of diagnosing, treating, curing, or relieving any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon or midwife; or the using of any other title other than optician, to indicate that he is engaged in the business of refracting or fitting glasses to the human eye.”
Section 1290 of Title 37 of the Revised Statutes enumerates certain exemptions to which the provisions of the statute have no application. These exceptions include physicians and surgeons practicing in the discharge of official duties for the United States; those properly licensed in other states; the giving of family remedies in cases of emergency; licensed dentists, pharmacists and osteopaths engaged in lawful practice; those attending in emergency childbirth; internes in a recognized training program; and the practice of Christian Science and other practices related to religious devotion and healing.
In the instant case defendant contends that he has not in any wise violated the provisions of The Medical Practice Act but admits that he is engaged in business as a masseur. He strenuously denied upon the witness stand that he proffered diagnosis, treatment or cures to any person who has sought his service. He declared he has not and does not make examinations nor administer drugs. He testified his treatment consists solely in placing his patients upon a special type of table and administering a massage in which he may use a small vibrator affixed to his hand. Although licensed as a chiropractor and as such entitled to practice the chiropractic system in the State of Texas, he stated he has conscientiously refrained from exercising such practice within the State of Louisiana because it contravenes the provisions of The Medical Practice Act.
During the course of the trial plaintiff in rule placed upon the witness stand eight witnesses who were questioned concerning their business relations with and treatment received from the defendant. Without exception, these testified the defendant informed them he would not give them chiropractic treatments, diagnose their complaints, or prescribe for bodily ills or infirmities. All that can be gleaned from the evidence is that the defendant placed the customer upon a table and administered a massage during which administration he employed a hand electric vibrator.
Massage is defined in Webster’s 20th Century dictionary as a “system of remedial treatment consisting of kneading or rubbing the body.” The courts which have passed upon the question have consistently held a masseur does not violate a statute requiring a license or certificate to practice medicine where he confines himself to the particular sphere of labor of a masseur; but the rule is otherwise where he undertakes to treat diseases for pay and in doing so uses means not customarily used by a masseur in his particular sphere of labor. See: 70 C.J.S., *546 Physicians and Surgeons, § 10, subd. (4), p. 838.
The practice of medicine is a pursuit very generally known and understood. It is understood to mean the diagnosis and application and use of medicines and drugs for curing, mitigating or relieving bodily diseases or conditions. The practice of massage in common understanding, refers to a method of treatment of the superficial parts of the body by rubbing, kneading, etc., usually with the hand as an instrument.
The evidence presented upon trial of the rule is conclusive that defendant has limited his practice strictly within the sphere of labor of a masseur. The proof is clear the defendant has not undertaken to diagnose, examine, treat or cure any of those to whom he rendered service and who testified before the trial court. Parenthetically, we note that testimony of Karen S. Jensen would seem to indicate certain local members of the medical profession do not regard the practice of a masseur as a violation of The Medical Practice Act. Jensen testified she was skilled in Swedish massage and practically all of her patients were referred to her by Shreveport doctors.
It is our conclusion that a person who limits his labor to that of massage is not engaged in the practice of medicine. Nor should the mere application of an electric hand vibrator be construed as a practice prohibited by The' Medical Practice Act. Such vibrators are commonly sold to individuals and are frequently used in homes, barbershops and beauty shops.
Appellant complains that the court erred when upon trial of the rule for a writ of preliminary injunction it undertook to pass on the merits of the case. The contention is untenable as the wording of the judgment discloses that only the application for a writ of preliminary injunction was denied. Another contention of appellant is that the court sought to require plaintiff in rule to prove defendant was engaging in the practice of chiropractic. We do not find that this contention is borne out by the record.
It is the conclusion of this court that plaintiff has failed to establish a prima facie case as would justify-the issuance of a preliminary injunction; that the evidence discloses the labor of the defendant, although conducted as a business, is shown by the record to be strictly limited to the practice of giving massages. Therefore, it follows that the judgment from which appealed should be and is hereby affirmed. The defendant is relieved from the payment of any costs. In accordance with the statutory provisions relieving plaintiff Board of all court costs except stenographer’s costs, appellant herein is assessed with stenographer’s costs.