ELLIS, Judge.
The Louisiana State Board of Medical Examiners sought a preliminary injunction and, after due proceedings had, a permanent injunction, penalties and attorneys fees as provided in LSA-R.S. 37:1286 against Marshall N. Wimberly. The petition seeks to restrain and prohibit him from the practice of medicine in the State of Louisiana until he shall have obtained the necessary certificates.
A rule to show cause why a preliminary injunction should not issue was set for Feb. 28, 1955. On that day the defendant filed answer together with exceptions of vagueness and of no right or cause of action and a plea of unconstitutionality. These pleas were overruled and the matter *680 fixed for trial on April 14, 1955. On the latter date-the case was thoroughly tried and the District Court rendered judgment upon the merits granting a permanent injunction together with penalties and -attorneys fees.
From this judgment the defendant has appealed.
******
The exceptions as well as the attack upon the unconstitutionally of the act upon which the suit was brought have apparently been abandoned, and the appellant has raised here only two issues. The first is leveled at the proposition that the lower court could not legally grant a permanent injunction as the rule was for a preliminary .injunction. He contends that there.must first be a hearing upon the preliminary injunction before a permanent one could be .granted. , .
The second issue is that the evidence is not sufficient to find that the defendant was practicing medicine. .
The pertinent statues are- LSA-R.S. 13:4062 et seq., and their source is Act No. 29 of 1924. ■ Under this Act a similar contention -was made as 'is made here in Lambert v. Lass, La.App., 25 So.2d 913, 916, in which a rehearing as well as writs were denied, and the following is-found:
“His counsel, however, proclaims that the judgment appealed from, * * * is invalid for the reason 'that, where a preliminary injunction has not been formally issued, the court is powerless to grant a permanent injunction. * * *
“We find little substance in this postulation. Act No. 29 of 1924 applies exclusively to the issuance of temporary restraining orders and preliminary writs of injunction. It does not pertain to permanent injunctions which are -final judgments issued after a trial on the merits of the controversy. * * * And, of course, it is not essential for a plaintiff to apply for or obtain either a temporary restraining order or a preliminary injunction in order to be granted a permanent injunction after a full hearing.”
To the same effect, see Borgnemouth Realty Co. v. Gulf Soap Corporation, 211 La. 255, 29 So.2d 841.
In the case at bar, an answer was filed and issue was joined upon the merits, consequently, no judgment could be then rendered until a full hearing was had upon the merits, and the minutes of the court show that the case was fixed for hearing on the merits on April 14, 1955. At this trial the defendant did not introduce any evidence, although he was present, and through his attorneys cross-examined all of plaintiff’s witnesses, therefore, it was correct and the Lower Court was competent to render a definitive judgment upon the merits as prayed for in the petition.
As was said by the Supreme Court in Hankins v. Police Jury, Natchitoches Parish, 152 La. 1000, 95 So. 102, 104:
“ * * * It would not serve any useful purpose to remand the case in order that the preliminary writ should be granted, followed by another trial in which the same witnesses would be heard and the same judgment rendered. * * * ”
Based upon the cited authorities, we are of the opinion that the first contention of the defendant is without merit.
As to the second contention of the defendant that the plaintiff had not proven its case, we likewise find no merit.
The defendant admitted under cross-examination that he was the same person convicted by the lower court in December of 1954 on the criminal charge for the illegal practice of medicine. He described in detail the method of diagnosis and the manner of administering the chiropractic treatment to a certain Mr. Day. His testimony was corroborated by other witnesses for the plaintiff.
The practice of chiropractic has been held to be that of medicine as defined by LSA-R.S. 37:1261-37:1313. See Louisiana State Board of Medical Examiners v. Booth, La.App., 76 So.2d 15, and Louisiana State Board of Medical Examiners v. Fisher, La.App., 76 So.2d 56.
*681 At the time of the trial the defendant was still maintaining his chiropractic office where he had given Day his treatments, and there was a sign in front of his office showing it to be a “Chiropractic Clinic.” He was still visiting his office and was open for business. Upon this testimony, the trial court held a permanent injunction should issue.
Believing a remand of this case to allow a prelimininary injunction to first issue would, as was said in the Hankins case, supra, be a vain and useless thing, and finding no manifest error, the judgment of the District Court is affirmed.