LOTTINGER, Judge.
The Louisiana State Board of Medical Examiners seeks in this proceeding to permanently enjoin the defendant, J. Edward Banker, from practicing medicine in violation of the provisions of LSA-R.S. 37:1261 without initially obtaining a certificate in conformity with the requirements of LSA-R.S. 37:1270, and, in addition, to recover the statutory penalty of $100 and attorney fees in the amount of $50.
The defendant first filed an answer admitting that he did not have a certificate entitling him to practice medicine in the State of Louisiana but denying the remaining allegations of the petition. On the day of trial an exception of no right or cause of action was filed which was referred to the merits. Judgment was rendered by the trial court in favor of the plaintiff as prayed for and the matter is now before us on an appeal taken by the defendant from this judgment.
The trial judge rendered written reasons for judgment wherein he arrived at the following factual conclusions.
“The transcript abounds with evidence from lay witnesses leading to the obvious conclusion that Mr. Banker is 'holding himself out' as a chiropractor; that he made adjustments on or of his patients on a treatment table after using an x-ray machine to diagnose the ailments of his patients; that he received pay for his services; and that his patients went to him because they had heard about him. The cases holding that this conduct constitutes the practice of medicine are so numerous in the jurisprudence of this state that it would serve no purpose to cite them.”
*922 A review of the transcript would only unduly lengthen this opinion. It amply substantiates the factual findings of the Lower Court which will, therefore, remain undisturbed.
The basis of the exceptions are:
'T. That this action is an ordinary action and Revised Statutes 37:1286 provides for a summary remedy; hence the plaintiff is without cause or right of action.
“2. That there is a want of proper verification since the petition is set out in unequivocal terms and the verification is in equivocal language.”
The first ground of the exception is without merit. Apparently, it is based on the contention that it is necessary in a proceeding such as this that a temporary restraining order or preliminary injunction or both be asked for and granted prior to the permanent injunction. In the instant case the plaintiff did not apply for nor did it obtain either a temporary restraining order or a preliminary injunction it just asked that a permanent injunction be issued herein restraining, enjoining and prohibiting the said J. Edward Banker from practicing medicine in the State of Louisiana until he shall have first obtained the certificate or permit required by law. It is our understanding of the law that it is not essential for a plaintiff to apply for or obtain a temporary restraining order or a preliminary injunction in order to be granted a permanent injunction after a full hearing. Act No. 29 of 1924, now LSA-R.S. 13:4062 et seq., applies exclusively to the issuance of temporary restraining orders and preliminary writs of injunction. It does not pertain to permanent injunctions which are final judgments issued after a trial on the merits of the controversy. Lambert v. Lass, La.App., 25 So.2d 913; Hankins v. Police Jury Natchitoches Parish, 152 La. 1000, 95 So. 102; Louisiana State Board of Medical Examiners v. Wimberly, La. App., 85 So.2d 679. In the case at bar, an answer was filed and issue was joined upon the merits and after a full hearing judgment was granted in favor of the plaintiff and against defendant for a permanent injunction. We cannot see where the defendant has been prejudiced any especially after having been given a full hearing. We said in the case of Baton Rouge Cigarette Service Inc. v. Bloomenstiel, La.App., 88 So.2d 742, 747:
“That there is a technical distinction between a hearing on the preliminary injunction, Louisiana State Board v. Martindale, La.App., 83 So.2d 544, and a hearing on the merits, Louisiana State Board v. Wimberly, La.App., 85 So.2d 679, is seen by the points unsuccessfully raised by appellants in these two cases. There are different delays and pleadings, LSA-R.S. 13:-4062 et seq. and different types of evidence are admissible (affidavits in the preliminary injunction), and also technically there is a different burden of proof, the preliminary injunction just requiring a prima facie showing, the permanent injunction by the preponderance of the evidence.”
The second ground for the exception is likewise without merit. It is simply a complaint of improper verification and came too late. LSA-R.S. 13:3601(5) (b) provides as follows:
"Want of verification or defective verification must be taken advantage of, if at all, in the case of a petition, by exception filed in limine litis, and in all such cases the court may in its discretion, allow the verification to be supplied or amended upon terms as to the payment of costs, or otherwise, as it may deem proper.”
See Louisiana State Board of Medical Examiners v. Stephenson, La.App., 93 So. 2d 330 and Louisiana State Board of Medical Examiners v. Herbert R. Winder, La.App., 97 So.2d 850 just decided by the Orleans Court of Appeal.
*923 In his brief counsel for defendant urges that the petition is defective for the additional reason that it sets forth no facts but •only conclusions of law. This identical point was raised and passed upon adversely to defendant in the case of State Board of Medical Examiners v. McHenery, La.App., 69 So.2d 592.
Lastly, the defendant contends that because the plaintiff saw fit to invoke the penal provisions of the statute by seeking to recover the penalty and attorney fees, it thereby converted the proceeding into a •criminal one with the result that the trial judge committed error in compelling the defendant to take the stand on cross-examination. This contention is also untenable. The primary object of the suit is to enjoin the defendant from practicing medicine and the penal features are only incidental and in no way could be said to convert the action to a criminal one. See Louisiana State Board of Medical Examiners v. Booth, La.App., 76 So.2d 15.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.