121 So.2d 226

**Miriam LeBlanc HUNGERFORD**

**v.**

**Winton Martin HUNGERFORD.**

No. 45110.

May 31, 1960.

Rehearing Denied June 29, 1960.

Love & Rigby, Shreveport, for relator.

A. Deutsche O'Neal, Joseph L. Waitz, Houma, for respondent.

HAMITER, Justice.

Mrs. Miriam LeBlanc Hungerford instituted this suit on December 10, 1959 in the District Court of Terrebonne Parish, in which parish she allegedly resided, to obtain from her husband, Winton Martin Hungerford, a separation from bed and board, the permanent custody of the three minor children of the marriage, and alimony for herself and the children.

In connection with the petition there was issued a rule ordering the husband to show cause why " * * * the plaintiff should not be granted the care, custody and control of the minor children * * * pending a trial on the merits; and to further show cause why he should not pay to plaintiff alimony pendente lite in the amount of Two Hundred ($200.00) Dollars per month for the support of plaintiff, and in the amount of One Hundred ($100.00) Dollars per month for the support of each of the minor children; and to further show cause * * * why he should not be enjoined from selling, mortgaging, alienating or otherwise encumbering any of the property belonging to the community of acquets and gains."

On the return day of the rule (January 12, 1960) there were filed: (1) an exception of lis pendens and an alternative exception of res judicata, (2) exceptions to the jurisdiction of the court ratione personae and ratione materiae, in which defendant pleaded that since 1956 he has been a resident of and domiciled in Bossier Parish, (3) exceptions of no right and no cause of action, and (4) an answer. A hearing was then

had, the court receiving evidence respecting the exceptions and also the merits of the rule, following which the matter was submitted for decision.

On March 8, 1960 the district judge rendered two separate judgments. In one he ordered that "the exceptions of res judicata, ratione materiae and ratione personae be, and they are, overruled." In the other he made the rule absolute, awarded to plaintiff custody of the children and alimony in the amount of $230 per month, and enjoined the defendant from disposing of the community property belonging to him and his wife.

Thereupon, the defendant invoked our supervisory jurisdiction, he complaining of the overruling of his several exceptions. We issued alternative writs, but limited our consideration of the cause to the court's ruling on the exception to the jurisdiction ratione personae.

█ Conceding arguendo that initially the District Court of Terrebonne Parish lacked jurisdiction of the person of the defendant, because he resided in another parish, it appears that he has since waived his right to complain of such lack, he having joined an exception to the jurisdiction ratione materiae with his exception to the jurisdiction ratione personae, without pleading the former in the alternative and without reserving his rights under the latter; and he having prayed "that these ex-

ceptions be sustained, and that there be judgment in favor of defendant * * * rejecting the demands of the plaintiff at her costs."

In George W. Garig Transfer, Inc. v. Harris, 226 La. 117, 75 So.2d 28, 31, this court, confronted with an almost identical situation, held that action on the part of a defendant such as occurred here constituted a waiver of the exception to the jurisdiction ratione personae. Therein, we said: "It appears to us that when the defendant submitted his plea to the jurisdiction ratione materiae at the same time as he submitted the plea to the jurisdiction ratione personae, and these were argued, submitted, and disposed of in one judgment, his action constituted a waiver of the exception to the jurisdiction ratione personae. * * * *"

Further, in the Garig case, by means of a per curiam issued in connection with an application for rehearing and for the purpose of demonstrating the inapplicability of State et al. v. Younger et al., 206 La. 1037, 20 So.2d 305 in which exceptions had been filed in the alternative with proper reservation, we observed: "In the Younger case, unlike the case at bar, the exceptions were filed 'only in the alternative, with full reservation of and without waiving his exception to the jurisdiction of the court, and solely for the purpose of complying with the requirements of Act No. 124 of 1936;' whereas here, the ex-

ceptions to the jurisdiction ratione personae and ratione materiae were submitted together, without reservation, and with the prayer 'that these exceptions be maintained and that there be judgment herein in his favor and against plaintiff, dismissing exceptor at plaintiff's costs for these proceedings.' "

The doctrine of the Garig case was later approved and affirmed in Mitchell v. Gulf States Finance Corporation, 226 La. 1008, 78 So.2d 3.

■ Additionally, it is noticed in this cause that the defendant failed to object to the court's trying (hearing and receiving evidence on) all of the exceptions and the merits of the rule together. This failure, under our jurisprudence, also constituted a waiver of the exception to the jurisdiction ratione personae. Heirs of Kempe v. Hunt et al., 4 La. 477; Thomas v. Clement, 11 Rob. 402; Conrey v. Harrison et al., 4 La.Ann. 349; Zimmerman v. Bartchy, 14 La.Ann. 520; Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546 (and the cases cited therein); and State ex rel. Davis v. Police Jury of Webster Parish, 120 La. 163, 45 So. 47, 14 L.R.A.,N.S., 794.

■ True, the last cited cases arose early in our jurisprudence; but the decisions appear never to have been overruled either expressly or impliedly. In fact, the rule announced in such cases was recognized in Ducote v. Ducote, 183 La. 886, 165 So. 133, 135, the court there stating: "There are a number of other cases in which this court has held that a litigant by his conduct has waived what the law has established in his favor. Thus, it is a familiar rule of practice that a defendant by not insisting upon a trial of and a ruling on his exceptions waives them. * * *" See also Gast v. Gast, 197 La. 1043, 3 So.2d 173 and Florida Molasses Company v. Berger et al., 220 La. 31, 55 So.2d 771.

For the reasons assigned the writs heretofore issued are recalled and the rule is discharged, all at the costs of the defendant.

McCALEB, Justice (concurring).

I think it overly technical to hold that a litigant excepting to the jurisdiction of the court over his person and over the subject matter of the case should be held to have waived the former because he failed to plead the latter in the alternative, particularly when he sets forth that he is " * * * in no wise submitting himself to the jurisdiction of this Honorable Court nor answering either the rule nisi issued herein nor the merits, * * *." However, in view of the fact that I signed the opinion and the per curiam on application for rehearing in George W. Garig Transfer, Inc. v. Harris, 226 La. 117, 75 So.2d 28, I feel bound, with much misgiving, to also subscribe to the opinion in the instant case.

It is hoped that the type of technicalities that are being upheld in the case at bar will soon be abolished by the adoption of the Louisiana Code of Civil Procedure, prepared and submitted to the Legislature at this 1960 Session by the Louisiana State Law Institute, pursuant to Act 335 of 1948. Article 925 of the projet of the new Code specifically provides, among other things, that when two or more of these objections, such as jurisdiction over the person of defendant and over the subject matter of the action " * * * are pleaded in the declinatory exception, they need not be pleaded in the alternative or in any particular order."

I concur in the decree.