431 So.2d 889 (1983)
RODRIGUEZ-FARR INSURANCE AGENCY, INC., Plaintiff-Appellee,
v.
James SHARP, Jr., Defendant-Appellant.
No. 15,357-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Rehearing Denied June 8, 1983.
*891 Billye L. Adams, Monroe, for plaintiff-appellee.
Sharp & Sharp by James Sharp, Jr., Monroe, for defendant-appellant.
Before HALL, JONES and NORRIS, JJ.
JASPER E. JONES, Judge.
This is an action for past due insurance premiums, interest and attorney's fees. The defendant, James Sharp, Jr., appeals a judgment in favor of the plaintiff, Rodriguez-Farr Insurance Agency, Inc., for $1,319.74 with legal interest and attorney's fees. The judgment was made subject to a credit for $30.00.
Sharp sets out three assignments of error on appeal. He contends that the trial judge erred in:
1) denying his motion for a continuance;
2) denying his motion for a new trial; and
3) granting judgment for service charges and attorney's fees.
The Facts
Sharp bought two insurance policies from Rodriguez-Farr in February, 1979, at a total cost of $720.00. The cost of the policies was charged to Sharp's account and he was billed by Rodriguez-Farr. Later Sharp cancelled one of the policies and he was given credit for the unearned premium. The remaining policy was renewed in 1980 and 1981 at a yearly cost of $140.00.
Sharp never made any payments towards the insurance he purchased in February, 1979, or the renewals. Rodriguez-Farr billed Sharp's account monthly for a "service charge" of 1½% on all amounts which had been due for over 90 days.
On October 20, 1981, Rodriguez-Farr sent a letter to Sharp by certified mail demanding payment of the amount due on two accounts including the account involved here. The account balance as stated in the letter included the "service charges" assessed through that date and a bookkeeping error of $34.00.
Sharp did not pay in response to the demand letter and on May 18, 1982, Rodriguez-Farr commenced this action in Monroe City Court seeking the account balance, including service charges, interest from judicial demand and attorney's fees under R.S. 9:2781. Sharp, an attorney, represented himself and filed exceptions of vagueness and no cause of action, an answer and a reconventional demand. Rodriguez-Farr answered the reconventional demand and the matter was set for trial on August 9, 1982.
Before the trial on August 9, the parties were able to work out a settlement and the matter was continued without date by consent of the parties. Subsequently, Sharp failed to comply with the settlement agreement and the case was set for trial on October 18, 1982. Notice of trial was sent to both parties on September 13, 1982.
On October 14, 1982, Sharp filed a motion for a continuance based on a conflict of dates between the trial of this matter and a criminal trial in district court in Morehouse Parish in which he was defense counsel. He mailed a copy of the motion for continuance to opposing counsel. Sharp did not personally contact the court nor opposing counsel concerning his motion and neither he nor anyone representing him appeared for trial on October 18.
The defendant's motion for a continuance was opposed by plaintiff. After argument by plaintiff's counsel the trial judge denied the motion. Plaintiff then presented its evidence and judgment was rendered in its favor for the account balance, $1,319.74 (this amount included service charges) with legal interest from judicial demand plus attorney's fees of 25% and costs. The judgment was made subject to a credit of thirty dollars for the unearned premium on a cancelled executor's bond.
On October 25, 1982, Sharp filed a motion for new trial. The motion for new trial alleges three grounds: that the motion for continuance was improperly denied; that the judgment was contrary to law and evidence; and that there was no contract for service charges. The motion for new trial *892 was heard and denied by the city judge on November 8, 1982. This appeal followed. We amend and affirm.
Assignment # 1
Through this assignment of error Sharp contends that his motion for a continuance on grounds of a conflicting trial was improperly denied. This is a discretionary, not peremptory, grounds for continuance. C.C.P. arts. 1601, 1602.
The trial judge has wide discretion in acting upon a motion for continuance and his ruling will not be disturbed absent a clear showing of an abuse of that discretion. Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972); Sauce v. Bussell, 298 So.2d 832 (La.1974); Ray v. Bird & Son, Inc., 323 So.2d 904 (La.App. 2d Cir. 1975); Thurmon v. Thurmon, 377 So.2d 447 (La.App. 2d Cir.1979); Heap v. Weber Const. Co. of Louisiana, Inc., 407 So.2d 799 (La.App. 4th Cir.1981).
The record shows that the defendant should have known of the alleged conflict between the trials more than one month before the trial date and that he did not file his motion for continuance until the Thursday before the trial was scheduled to begin on Monday, October 18, 1982. Sharp did not contact the court or opposing counsel to explain the situation. Sharp did not appear for trial nor did he have any other member of his firm appear on his behalf to argue the motion or to try the case.
There is no right to a continuance because of a conflict in counsel's schedule. There is no abuse of discretion in denying a continuance, requested on grounds of a conflict in counsel's schedule, where counsel knew or should have known of the conflict for a substantial period of time, and fails to act to obtain a continuance until the last minute. Hall v. St. Paul Mercury Indemnity Co., 86 So.2d 751 (La.App. 1st Cir.1956); Powell v. Giddens, 271 So.2d 596 (La.App. 1st Cir.1972); Sather v. White, 388 So.2d 402 (La.App. 1st Cir.1980).
There was no error in denying the motion for continuance. This assignment is without merit.
Assignment # 2
Through this assignment Sharp contends that his motion for new trial should have been granted.
The trial judge has wide discretion in acting on a motion for a new trial based on non-peremptory grounds and his decision will not be set aside on appeal absent a showing of clear abuse of that discretion. Shows v. Williamson, 256 So.2d 688 (La. App. 2d Cir.1972), writ denied, 261 La. 231, 259 So.2d 76 (1972); Sears, Roebuck and Company v. Cannizzarro, 142 So.2d 566 (La. App. 4th Cir.1962).
The first asserted ground for the motion for new trial is that the motion for a continuance was improperly denied. As fully set forth in our discussion of assignment one this contention is without merit. The motion for a continuance was properly denied and this is not good ground for a new trial.
Sharp's second ground for new trial is that the judgment is contrary to law and evidence because the insurance policies were cancelled and no premiums were due on them for that reason. On the surface this would appear to be a peremptory ground for new trial. C.C.P. art. 1972.
However, there was no evidence at the trial on the merits that the policies had been cancelled and the judgment was not contrary to the evidence. In reality defendant seeks a second trial where he can present evidence of cancellation. This is no more than an attempt to defeat the denial of the continuance by gaining a new trial and, as such, it is neither good nor a peremptory ground for a new trial.
The defendant's third ground for new trial is that there was no contract to pay service charges. The record contains evidence of an implied contract to pay service charges. The enforceability of such a contract is purely a legal question better considered on appeal. This is not good grounds for a new trial. We will consider the legal efficacy of the implied contract below.
*893 Assignment # 3
Defendant here contends that the trial judge erred in awarding judgment for the "service charges" and attorney's fees. We agree. First, we consider the award of the "service charges."
Rodriguez-Farr charged Sharp a "service charge" of 1½% per month on amounts which had been due for over 90 days. This "service charge" is nothing more than interest.
An agreement to pay interest must be in writing and is not susceptible of testimonial proof. C.C. art. 2924; Gast v. Gast, 197 La. 1043, 3 So.2d 173 (1941). There is no writing in the record showing an agreement by Sharp to pay interest. The testimonial proof of an implied contract to pay interest is insufficient to sustain an award. The judgment must be reduced by $472.74, the total of service charges awarded.
The award of attorney's fees is based on R.S. 9:2781. § 2781 must be strictly complied with in order for the plaintiff to obtain an award of attorney's fees. Texas Industries, Inc. v. Roach, 426 So.2d 315 (La.App. 2d Cir.1983); Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3d Cir. 1979).
Awards of attorney's fees are penal or punitive in nature and because of their nature they are not favored and should be allowed only in cases which are clear and free from doubt. Texas Industries, Inc. v. Roach.
One of the requirements of § 2781 is that the written demand for payment made on the debtor correctly state the amount owed. The demand letter used here does not fulfill this requirement.[1]
The demand letter was inaccurate in that the account balance, as stated therein, contained both a bookkeeping error and "service charges" not legally owed. Because the demand letter did not correctly set forth the amount owed, attorney's fees should not have been awarded.
For the foregoing reasons the second paragraph of the judgment is amended and recast as follows:
"IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of the plaintiff, Rodriguez-Farr Insurance Agency, Inc., and against the defendant, James Sharp, Jr., in the amount of Eight Hundred Forty-seven and no/100 ($847.00) Dollars, with legal interest from the date of judicial demand; the costs of this appeal are taxed against plaintiff and all other costs are taxed against defendant."
As amended the judgment is AFFIRMED.
NOTES
[1] The demand letter was prepared by an officer of Rodriguez-Farr not its attorney.